**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
District of Oregon
**STUART A. WEXLER**
Trial Attorney, Tax Division
Stuart.A.Wexler@usdoj.gov
**RYAN R. RAYBOULD**
Trial Attorney, Tax Division
Ryan.R.Raybould@usdoj.gov
1000 SW Third Ave, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:15-CR-00438-JO |
| v. | GOVERNMENT'S MOTION FOR ORDER AUTHORIZING DISCLOSURE PURSUANT TO 26 U.S.C. § 6103 and |
| WINSTON SHROUT, | FED.R.CRIM.P., and PROTECTIVE ORDER PERTAINING TO DISCOVERY |
| Defendant. | |

The United States of America, by and through Billy J. Williams, United States Attorney for the District of Oregon, and Stuart A. Wexler and Ryan R. Raybould, Trial Attorneys, Tax Division, hereby moves this Court for an order authorizing the disclosure of taxpayer returns and return information pursuant to 26 U.S.C. § 6103; the disclosure of transcripts of testimony of witnesses and documents obtained by federal grand jury subpoenas in the District of Oregon pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i); and preventing the dissemination or misuse of discovery material containing sensitive information pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure.

## I. BACKGROUND

The defendant in this case has been charged with six counts of willful failure to file a tax return, in violation of 26 U.S.C. § 7203; he is proceeding *pro se* with the assistance of standby counsel. The grand jury alleges that the defendant received gross taxable income from payments for services as a presenter at seminars, consultation fees, and licensing fees associated with the sale of products, as well as regular pension payments. As a tax case against the defendant, the government's evidence necessarily contains taxpayer information associated with the defendant. The government's evidence also includes, however, taxpayer information related to entities and/or individuals who may have paid the defendant. The disclosure of taxpayer information is broadly protected under 26 U.S.C. § 6103, although there are exceptions authorizing disclosure. Additionally, the government's evidence in this case includes documents and testimony obtained by grand jury subpoenas and otherwise. Disclosure of this information is also broadly protected, under Fed.R.Crim.P. 6(e), although there are exceptions authorizing disclosure. Finally, in addition to sensitive taxpayer information, the government's evidence includes sensitive information concerning the identity of government employees and third party bank account information.

## II. DISCUSSION

### A. *Order Authorizing Disclosure of Taxpayer Returns and Return Information*

"Section 6103 of the Internal Revenue Code prohibits disclosure of returns and return information except as permitted therein." *Beresford v. United States*, 123 F.R.D. 232, 232 (E.D. Mich. 1988). Paragraph (h)(4) of § 6103 "allows for disclosure of tax return information in judicial proceedings and administrative tax proceedings." *United*

*States v. Prokop*, 2012 WL 2375001, at *5 (D. Nev. June 22, 2012) (unpublished). Specifically, that paragraph authorizes disclosure of a return or return information "to the extent required by order of a court pursuant to . . . rule 16 of the Federal Rules of Criminal Procedure," while directing the Court "to give due consideration to congressional policy favoring the confidentiality of returns and return information as set forth in [the Internal Revenue Code]." 26 U.S.C. § 6103(h)(4)(D).

For at least two reasons, the "congressional policy favoring the confidentiality of returns and return information," *id.*, is of limited force in relation to defendant's review of the tax returns and return information at issue in this case. First, the majority of the personal identifying information from tax records contained in the government's discovery pertains directly to the defendant. Second, the taxpayer information related to third parties has likely already been disclosed to the defendant through the issuance of IRS Forms 1099 and similar tax forms. The government's disclosure of the tax returns and related return information would thus be wholly consistent with the policies underlying 26 U.S.C. § 6103. This Court should thus authorize the United States to produce complete and unredacted copies of the relevant tax documents to the defendant pursuant to 26 U.S.C. § 6103(h)(4)(C).

### B. Order Authorizing Disclosure of Fed.R.Crim.P. 6(e) Information

In addition to tax returns and taxpayer information, the government also seeks to disclose to the defendant documents and testimony obtained by grand jury subpoenas and otherwise. Rule 6(e)(3)(E)(i) permits the Court to order disclosure "preliminary to or in connection with a judicial proceeding." To obtain disclosure, the government must show that the grand jury was used in good faith and that the disclosure is rationally related to

the subject matter of the contemplated judicial proceeding. *In Re Grand Jury*, 583 F.2d 128, 131 (5th Cir. 1978).  In addition, the government must show a "particularized need" for the disclosure, namely that the disclosure is necessary to avoid possible injustice, that the need for it outweighs the need for secrecy, and that the disclosure is structured to cover only the material needed. *Douglas Oil c. Petrol Stops Northwest*, 441 U.S. 221, 222 (1978).

Disclosure is necessary to avoid possible injustice.  Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure states that upon the defendant's request, the government "must permit the defendant to inspect and to copy" documents and objects that are either material to preparing the defense, intended as part of the government's case-in-chief, or obtained from or belonging to the defendant.  While Rule 16 does not include transcripts of grand jury testimony, Rule 26.2 of the Federal Rules of Criminal Procedure states that the government must provide to the defendant any statement of a testifying government witness, including those made before a grand jury, once that witness has testified for the government.  Additional statutes and case law, such as the *Jencks Act* and *Brady v. Maryland*, 373 U.S. 83 (1963), require the government to disclose various information to the defendant for preparation of his defense.

The government has caused the issuance of numerous grand jury subpoenas and the testimony of numerous witnesses before the grand jury.  Much of the materials sought to be disclosed to the defendant in this case derive from those grand jury proceedings.  To the extent that it assists the defendant in the preparation of his defense and facilitates a possible pre-trial resolution of this case, the government now asks this Court to affirm, by order, both the government's discovery obligations under various rules, statutes, and case

law, as well as authorize the government, pursuant to Rule 6(e)(3)(E)(i), to promptly make all necessary disclosures.

### C.  Order of Protection Pursuant to Fed.R.Crim.P. 16(d)

The discovery material in this case includes highly sensitive information relating to the defendant, third party taxpayers, and government employees, including: (a) tax returns or return information; (b) personal identifying information of individuals, including, without limitation, dates of birth, social security numbers, financial account numbers, and addresses; and (c) investigative reports produced by government employees acting in an undercover capacity.

In light of the sensitivity of the discovery material, the United States respectfully requests that the Court order that the defendant and his standby counsel not copy or disseminate that material to anyone other than members of the defense team.  If, after review of the discovery material, the defendant or his standby counsel identifies specific discovery material that does not include Personal Identifying Information or otherwise sensitive information and, as a result, should be exempt from the proposed protective order, the parties shall meet and confer and, if necessary, seek guidance from this Court. The parties shall advise the Court by letter of any exceptions to the protective order on which they have agreed.

Similar protective orders have been sought and entered in the District of Oregon. *See generally United States v. Fischer*, 137 F.3d 1158 (9th Cir. 1998); *United States v. Calcagno*, 3:15-CR-00460-JO; *United States v. Maier*, 08-CR-00183-MO.

The requested protective order would maximize the defendant's access to the sensitive material while also maximizing the rights of and protections afforded to other

**Government's Motion for Order**                                                                                 Page 5
**Authorizing Disclosure and**
**Protective Order**

individuals under applicable authorities, including 26 U.S.C. § 6103 and the Privacy Act, 5 U.S.C. § 522a(b) (prohibiting federal agencies from "disclos[ing] any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains," except as order by a court of competent jurisdiction).

### III.   CONCLUSION

Based on the foregoing, the government respectfully requests this Court issue an order authorizing disclosure of various government evidence in this case and, also, a protective order controlling the dissemination of sensitive information contained in that evidence. A proposed order is filed herewith.

Dated this 9th day of February 2016.

                                                  Respectfully submitted,

                                                  BILLY J. WILLIAMS
                                                  United States Attorney

                                                  */s/ Stuart A. Wexler*
                                                  STUART A. WEXLER
                                                  RYAN R. RAYBOULD
                                                  Trial Attorneys, Tax Division
                                                  (202) 514-5496

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 9, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record for the defendant.  Additionally, a copy of the foregoing was mailed and emailed to the defendant at the following addresses:

4230 NE Azalea Street
Hillsboro, OR  97124

1574 N. Dixie Downs Rd.
Trailer 51
St. George, UT  84770

wshrout@infowest.com


/s/ *Stuart A. Wexler*
STUART A. WEXLER
Trial Attorney, Tax Division