FILED 15 MAR '16 5 35USDC-ORP

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:15-CR-00438-JO |
| **Plaintiff,** | **SUPERSEDING INDICTMENT**<br>**Counts 1 through 7**<br>**18 U.S.C. § 514(a)(1)** |
| v. | **(Fictitious Obligations)** |
| | **Counts 8 through 10**<br>**18 U.S.C. § 514(a)(2)** |
| WINSTON SHROUT, | **(Fictitious Obligations)** |
| **Defendant.** | |
| | **Counts 11 through 13**<br>**18 U.S.C. § 514(a)(3)**<br>**(Fictitious Obligations)** |
| | **Counts 14 through 19**<br>**26 U.S.C. § 7203**<br>**(Willful Failure to File Return)** |

### THE GRAND JURY CHARGES:

#### Introductory Allegations

At times relevant to this Superseding Indictment,

#### Background

1.    Defendant Winston SHROUT was a resident of Hillsboro, Oregon.

2.    SHROUT operated a business using the name Winston Shrout Solutions in Commerce ("WSSIC").

3.    SHROUT received payments for services as a presenter at seminars, through which SHROUT promoted, among other things, the use of bonds as a means to pay off debts.

4.    SHROUT received licensing fees associated with the sale of SHROUT and WSSIC products, such as DVD recordings of seminars and private consultations with clients.

SUPERSEDING INDICTMENT
United States v. Shrout                    1

5.    SHROUT received regular pension payments from a pension trust.

The Scheme and Artifice to Defraud

6.    Beginning in or about February 2008, and continuing through at least June 2015, defendant SHROUT knowingly devised and participated in a material scheme and artifice to defraud financial institutions and the United States out of funds and monies by making, presenting, and transmitting fictitious financial instruments, variously called, among other things, "International Bills of Exchange" ("IBOE") and "Non-Negotiable Bills of Exchange." SHROUT claimed that these fictitious financial instruments had monetary value when he knew those instruments were in fact worthless. During the course of this scheme to defraud, SHROUT produced and issued more than three hundred of these fictitious financial instruments, purported to be worth in total over $100,000,000,000,000 ($100 trillion), on his own behalf and for credit to third parties.

Execution of the Scheme and Artifice to Defraud

7.    It was part of the scheme and artifice to defraud that SHROUT produced fictitious financial instruments, which he falsely claimed had monetary value, when he knew they had no monetary value.

8.    It was further part of the scheme and artifice to defraud that SHROUT would produce these fictitious financial instruments naming himself as "Maker," "Drawer," or "Principal" and use a fabricated account number at the United States Department of Treasury, which number matched SHROUT's Social Security number. SHROUT would make and issue these fictitious financial instruments on behalf of himself and third parties.

9.    It was further part of the scheme and artifice to defraud that SHROUT would send these fraudulent and fictitious financial instruments and other documentation to financial institutions

both within and outside the United States, as well as the United States Department of Treasury, via a private commercial carrier and the United States Postal Service, commanding the financial institutions and the Treasury Department to pay SHROUT and third parties through the fabricated account.

10.     It was further part of the scheme and artifice to defraud that SHROUT would provide verification procedures to third parties, through which he asserted the fictitious instruments were "obligations of the United States," "legal tender as a national Bank note, or note of a National Banking Association," and a "legal tender obligation of the United States."

11.     It was further part of the scheme and artifice to defraud that SHROUT generated personal income by promoting and marketing the use of fictitious financial instruments as a means to pay off debts, including federal income tax.  SHROUT would provide handouts to seminar attendees that contained examples and templates for the creation of these fictitious financial instruments.

12.     It was further part of the scheme and artifice to defraud that SHROUT would have these seminars recorded and make recordings and handout materials available for purchase through his website: wssic.com.  SHROUT marketed his materials and seminars through the website wssic.com and by direct marketing emails to existing clients for the purpose of generating income for himself.

/ /

/ /

/ /

/ /

/ /

/ /

SUPERSEDING INDICTMENT
United States v. Shrout                          3

## Counts 1 through 7

## 18 U.S.C. § 514(a)(1)

### Fictitious Obligations

13. The Introductory Allegations contained in Paragraphs 1 through 12 of this Superseding

Indictment are re-alleged and incorporated herein as if copied verbatim.

14. On or about the dates listed below, within the District of Oregon and elsewhere,

WINSTON SHROUT, with the intent to defraud as to a material matter, drew, printed,

processed, produced, published, and otherwise made and attempted to make within the United

States, false and fictitious instruments, documents and other items appearing, representing,

purporting, and contriving through material scheme and artifice to be actual securities and other

financial instruments issued under the authority of the United States and an organization, to wit,

documents titled "International Bill of Exchange" that were issued for credit to the entities listed

below, in the amounts listed below, and bearing the serial numbers listed below, each instrument

constituting a separate count of this superseding indictment:

| Count | Date Made | Purported Value | For Credit To | Serial Number |
|-------|-----------|-----------------|---------------|---------------|
| 1 | August 5, 2011 | $1 billion | Clarington Capital Group LLC | CCG10001 |
| 2 | December 14, 2011 | $10 million | Rainmaker Services Inc. | RSI10B10002 |
| 3 | December 22, 2011 | $10 million | A&P Management Corporation, S.A. | A&P10M10004 |
| 4 | January 20, 2012 | $1 billion | Capital International Investments Limited | CIIL1B10002 |
| 5 | February 9, 2012 | $500 billion | World-Wide Funding, LLC | WWF500B10004 |
| 6 | February 27, 2012 | $25 billion | Asset International Funding | AIF25B10001 |
| 7 | March 8, 2012 | $100 million | America Pacific Global Exchange Corporation | APGEC100M10006 |

SUPERSEDING INDICTMENT
United States v. Shrout                    4

All in violation of Title 18, United States Code, Section 514(a)(1).

## Counts 8 through 10

### 18 U.S.C. § 514(a)(2)

### Fictitious Obligations

15.     The Introductory Allegations contained in Paragraphs 1 through 12 of this Superseding

Indictment are re-alleged and incorporated herein as if copied verbatim.

16.     On or about the dates listed below, within the District of Oregon and elsewhere,

WINSTON SHROUT, with the intent to defraud as to a material matter, passed, uttered,

presented, offered, brokered, issued, sold, and attempted and caused to do the same within the

United States, false and fictitious instruments appearing, representing, purporting, and contriving

through material scheme and artifice to be actual securities and other financial instruments issued

under the authority of the United States and an organization, to wit, documents titled and issued

in the amounts listed below, bearing the serial numbers listed below, and presented to the entities

listed below, each instrument constituting a separate count of this superseding indictment:

| Count | Date Presented | Document Title | Purported Value | Serial Number | Presented To |
|---|---|---|---|---|---|
| 8 | October 3, 2011 | International Bill of Exchange | $1 trillion | MGH10001 | American Metro Bank |
| 9 | October 3, 2011 | International Bill of Exchange | $1 trillion | MGH11000 | American Metro Bank |
| 10 | June 9, 2015 | Non-Negotiable Bill of Exchange | $1.9 billion | DMV1001 | United States Dept. of Treasury |

All in violation of Title 18, United States Code, Section 514(a)(2).

/ /

/ /

## Count 11

### 18 U.S.C. § 514(a)(3)

### Fictitious Obligations

17.     The Introductory Allegations contained in Paragraphs 1 through 12 of this Superseding

Indictment are re-alleged and incorporated herein as if copied verbatim.

18.     On or about October 3, 2011, within the District of Oregon and elsewhere, WINSTON

SHROUT, with the intent to defraud as to a material matter, utilized interstate commerce,

including the use of the mails, to transmit, transport, ship, move, transfer, and attempt and cause

the same, through the United States, a false and fictitious instrument appearing, representing,

purporting, and contriving through material scheme and artifice to be an actual security and other

financial instrument issued under the authority of the United States and an organization.

Specifically, SHROUT transmitted and caused to be transmitted via FedEx a document titled

"International Bill of Exchange," issued in the amount of $1,000,000,000,000 ($1 trillion) and

bearing the serial number MGH10001, from Hillsboro, Oregon, to American Metro Bank in

Chicago, Illinois.

All in violation of Title 18, United States Code, Section 514(a)(3).

## Count 12

### 18 U.S.C. § 514(a)(3)

### Fictitious Obligations

19.     The Introductory Allegations contained in Paragraphs 1 through 12 of this Superseding

Indictment are re-alleged and incorporated herein as if copied verbatim.

20.     On or about October 3, 2011, within the District of Oregon and elsewhere, WINSTON

SHROUT, with the intent to defraud as to a material matter, utilized interstate commerce,

including the use of the mails, to transmit, transport, ship, move, transfer, and attempt and cause

the same, through the United States, a false and fictitious instrument appearing, representing,

purporting, and contriving through material scheme and artifice to be an actual security and other

financial instrument issued under the authority of the United States and an organization.

Specifically, SHROUT transmitted and caused to be transmitted via FedEx a document titled

"International Bill of Exchange," issued in the amount of $1,000,000,000,000 ($1 trillion) and

bearing the serial number MGH11000, from Hillsboro, Oregon, to American Metro Bank in

Chicago, Illinois.

All in violation of Title 18, United States Code, Section 514(a)(3).

### Count 13

### 18 U.S.C. § 514(a)(3)

### Fictitious Obligations

21.     The Introductory Allegations contained in Paragraphs 1 through 12 of this Superseding

Indictment are re-alleged and incorporated herein as if copied verbatim.

22.     On or about June 9, 2015, within the District of Oregon and elsewhere, WINSTON

SHROUT, with the intent to defraud as to a material matter, utilized interstate commerce,

including the use of the mails, to transmit, transport, ship, move, transfer, and attempt and cause

the same, through the United States, a false and fictitious instrument appearing, representing,

purporting, and contriving through material scheme and artifice to be an actual security and other

financial instrument issued under the authority of the United States and an organization.

Specifically, SHROUT transmitted and caused to be transmitted via the United States Postal

Service a document titled "Non-Negotiable Bill of Exchange," issued in the amount of

$1,900,000,000 ($1.9 billion) and bearing the invoice number DMV1001, which was attached to

SUPERSEDING INDICTMENT
United States v. Shrout                          7

a 2015 IRS Form 1040-ES Estimated Tax Payment Voucher, from Hillsboro, Oregon, to the

Internal Revenue Service in Washington, D.C.

All in violation of Title 18, United States Code, Section 514(a)(3).

## Count 14

### 26 U.S.C. § 7203

### Willful Failure to File Return

23.    The factual allegations contained in Paragraphs 1 through 5 of this Superseding

Indictment are re-alleged and incorporated herein as if copied verbatim.

24.    During calendar year 2009, WINSTON SHROUT received gross income in excess of

$18,700.  By reason of such gross income, he was required by law, following the close of the

calendar year 2009, and on or before April 15, 2010, to make an income tax return to any proper

officer of the Internal Revenue Service, stating specifically the items of his gross income and any

deductions and credits to which he was entitled.  Well knowing and believing all of the

foregoing, he willfully failed, on or about April 15, 2010, in the District of Oregon and

elsewhere, to make an income tax return.

In violation of Title 26, United States Code, Section 7203.

## Count 15

### 26 U.S.C. § 7203

### Willful Failure to File Return

25.    The Introductory Allegations contained in Paragraphs 1 through 5 of this Indictment are

re-alleged and incorporated herein as if copied verbatim.

26.    During calendar year 2010, WINSTON SHROUT received gross income in excess of

$18,700.  By reason of such gross income, he was required by law, following the close of the

SUPERSEDING INDICTMENT
United States v. Shrout                        8

calendar year 2010, and on or before April 18, 2011, to make an income tax return to any proper

officer of the Internal Revenue Service, stating specifically the items of his gross income and any

deductions and credits to which he was entitled. Well knowing and believing all of the

foregoing, he willfully failed, on or about April 18, 2011, in the District of Oregon and

elsewhere, to make an income tax return.

In violation of Title 26, United States Code, Section 7203.

## Count 16

## 26 U.S.C. § 7203

## Willful Failure to File Return

27.     The Introductory Allegations contained in Paragraphs 1 through 5 of this Indictment are

re-alleged and incorporated herein as if copied verbatim.

28.     During calendar year 2011, WINSTON SHROUT received gross income in excess of

$19,000. By reason of such gross income, he was required by law, following the close of the

calendar year 2011, and on or before April 17, 2012, to make an income tax return to any proper

officer of the Internal Revenue Service, stating specifically the items of his gross income and any

deductions and credits to which he was entitled. Well knowing and believing all of the

foregoing, he willfully failed, on or about April 17, 2012, in the District of Oregon and

elsewhere, to make an income tax return.

In violation of Title 26, United States Code, Section 7203.

/ /

/ /

/ /

/ /

SUPERSEDING INDICTMENT
United States v. Shrout                                9

## Count 17

### 26 U.S.C. § 7203

### Willful Failure to File Return

29.     The Introductory Allegations contained in Paragraphs 1 through 5 of this Indictment are
re-alleged and incorporated herein as if copied verbatim.

30.     During calendar year 2012, WINSTON SHROUT received gross income in excess of
$19,500.  By reason of such gross income, he was required by law, following the close of the
calendar year 2012, and on or before April 15, 2013, to make an income tax return to any proper
officer of the Internal Revenue Service, stating specifically the items of his gross income and any
deductions and credits to which he was entitled.  Well knowing and believing all of the
foregoing, he willfully failed, on or about April 15, 2013, in the District of Oregon and
elsewhere, to make an income tax return.

In violation of Title 26, United States Code, Section 7203.

## Count 18

### 26 U.S.C. § 7203

### Willful Failure to File Return

31.     The Introductory Allegations contained in Paragraphs 1 through 5 of this Indictment are
re-alleged and incorporated herein as if copied verbatim.

32.     During calendar year 2013, WINSTON SHROUT received gross income in excess of
$21,200.  By reason of such gross income, he was required by law, following the close of the
calendar year 2013, and on or before April 15, 2014, to make an income tax return to any proper
officer of the Internal Revenue Service, stating specifically the items of his gross income and any
deductions and credits to which he was entitled.  Well knowing and believing all of the

SUPERSEDING INDICTMENT
United States v. Shrout                    10

foregoing, he willfully failed, on or about April 15, 2014, in the District of Oregon and elsewhere, to make an income tax return.

In violation of Title 26, United States Code, Section 7203.

### Count 19

### 26 U.S.C. § 7203

### Willful Failure to File Return

33.    The Introductory Allegations contained in Paragraphs 1 through 5 of this Indictment are re-alleged and incorporated herein as if copied verbatim.

34.    During calendar year 2014, WINSTON SHROUT received gross income in excess of $21,500.  By reason of such gross income, he was required by law, following the close of the calendar year 2014, and on or before April 15, 2015, to make an income tax return to any proper officer of the Internal Revenue Service, stating specifically the items of his gross income and any deductions and credits to which he was entitled.  Well knowing and believing all of the foregoing, he willfully failed, on or about April 15, 2015, in the District of Oregon and elsewhere, to make an income tax return.

In violation of Title 26, United States Code, Section 7203.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

SUPERSEDING INDICTMENT
United States v. Shrout                                 11

DATED this _15_ day of _MARCH_, 2016.

A TRUE BILL.

OFFICIATING FOREPERSON

Presented By:
BILLY J. WILLIAMS
United States Attorney


STUART A. WEXLER
RYAN R. RAYBOULD
Trial Attorneys
U.S. Dept. of Justice, Tax Division

SUPERSEDING INDICTMENT
United States v. Shrout                12