**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
District of Oregon
**STUART A. WEXLER**
Trial Attorney, Tax Division
Stuart.A.Wexler@usdoj.gov
**RYAN R. RAYBOULD**
Trial Attorney, Tax Division
Ryan.R.Raybould@usdoj.gov
1000 SW Third Ave, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
Attorneys for United States of America

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>WINSTON SHROUT,<br><br>    Defendant. | Case No.: 3:15-CR-00438-JO<br><br>NOTICE OF INTENT TO INTRODUCE EXPERT WITNESS TESTIMONY PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 16(a)(1)(G) AND SUMMARIES OF VOLUMINOUS EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 1006 |

The United States of America, by and through Billy J. Williams, United States Attorney for the District of Oregon, and Stuart A. Wexler and Ryan R. Raybould, Trial Attorneys, Tax Division, hereby gives Notice of Its Intent to Introduce Expert Witness Testimony Pursuant to Federal Rule of Criminal Procedure (16)(a)(1)(G) and Summaries of Voluminous Evidence Pursuant to Federal Rule of Evidence 1006.

//

//

I.  **Expert Witness Testimony of Mr. William C. Kerr**

The Federal Rules of Evidence authorize the use of an expert witness if it "will help the trier of fact to understand the evidence or to determine a fact in issue . . ." Fed. R. Evid. 702. During its case-in-chief, the government will offer testimony of William C. Kerr as an expert witness on the subject of fictitious financial instruments. Mr. Kerr is a former National Bank Examiner for the Office of the Comptroller of the Currency and is now retired and in private practice. Mr. Kerr will provide an analysis of the fictitious instruments charged in Counts 1 through 13 of the Superseding Indictment, as well as other uncharged but related documents by which the defendant and others attempted to obligate funds at the United States Department of the Treasury. Mr. Kerr will opine that the charged instruments were fictitious and purported to be issued under the authority of the United States or an organization, and other uncharged but related documents purport to obligate funds at the Treasury consistent with the fictitious instruments. Mr. Kerr's qualifications are set forth in the attached *curriculum vitae* (Exhibit A). A report detailing Mr. Kerr's opinions will be provided to the defendant in advance of trial and consistent with District of Oregon Standing Order 2015-5(a).

Courts encountering similar cases have upheld expert testimony opining that similar instruments are fictitious, explaining financial terminology or features used to lend the appearance of legitimacy to fictitious instruments, and explaining how the instruments purported to be issued under the authority of the United States. *See United States v. Salman*, 531 F.3d 1007, 1013-15 (9th Cir. 2008) (discussing expert testimony on characteristics of certain financial

**NOTICE OF INTENT TO INTRODUCE
EXPERT WITNESS TESTIMONY
PURSUANT TO FEDERAL RULE OF
CRIMINAL PROCEDURE 16(a)(1)(G)
AND SUMMARIES OF VOLUMINOUS
EVIDENCE PURSUANT TO FEDERAL
RULE OF EVIDENCE 1006 - 2**

instruments); *United States v. Turner*, 985 F. Supp. 2d 1311, n.5 (M.D. Ala. 2013) (citing expert opinion in discussing whether the fictitious instruments purported to be issued under the authority of the United States). In particular, Mr. Kerr has testified in numerous cases and his testimony is mentioned in at least three published opinions. *United States v. Pansier*, 576 F.3d 726, 737-38 (7th Cir. 2009) (upholding the admissibility of Mr. Kerr's testimony in a similar case); *United States v. Heath*, 525 F.3d 451, 455 (6th Cir. 2008) (noting testimony by Mr. Kerr in a similar case); *United States v. Anderson*, 353 F.3d 490, 501 (6th Cir. 2003) (same).

## II.  Expert Witness Testimony of IRS Revenue Agent Kristin Emminger

As noted above, the Federal Rules of Evidence authorize the use of an expert witness if it "will help the trier of fact to understand the evidence or to determine a fact in issue . . . ." Fed. R. Evid. 702. The use of an expert in criminal tax prosecutions has been approved consistently. Expert testimony by an Internal Revenue Agent that expresses an opinion as to the proper tax consequences of a transaction is admissible evidence and their use as a summary expert witness is not uncommon, particularly in tax cases. *See e.g., United States v. Marchini*, 797 F.2d 759, 765-66 (9th Cir. 1986); *United States v. Clardy*, 612 F.2d 1139, 1153 (9th Cir. 1980); *see also United States v. Bedford*, 536 F.3d 1148, 1157-58 (10th Cir. 2008) ("a properly qualified IRS agent may analyze a transaction and give expert testimony about its tax consequences."); *United States v. Tarwater*, 308 F.3d 494, 513 (6th Cir. 2002).

During its case-in-chief, the Government will offer the testimony of IRS Revenue Agent Kristin Emminger as a summary witness trained in taxation and accounting. (Ms. Emminger's

NOTICE OF INTENT TO INTRODUCE
EXPERT WITNESS TESTIMONY
PURSUANT TO FEDERAL RULE OF
CRIMINAL PROCEDURE 16(a)(1)(G)
AND SUMMARIES OF VOLUMINOUS
EVIDENCE PURSUANT TO FEDERAL
RULE OF EVIDENCE 1006 - 3

*curriculum vitae* is attached as Exhibit B). Agent Emminger will provide an analysis of documentary and testimonial evidence admitted at trial and will explain the resulting tax consequences. Specifically, Agent Emminger will summarize the evidence she used in calculating the magnitude of the defendant's gross and taxable income and the tax loss associated with his failure to report that income and file an annual income tax return for the 2009 through 2014 tax years. Agent Emminger will summarize third party information returns filed with the IRS (e.g., Forms 1099), witness testimony, and other financial documents (e.g., bank records). Her opinion as to the size of the tax loss will be predicated on the assumption that the jury finds that the defendant both earned taxable income and failed to file an annual income tax return in the relevant tax years, as alleged in the Superseding Indictment.

### III.    Summaries of Voluminous Evidence

Federal Rule of Evidence 1006 as applied in this circuit allows for the introduction of summary evidence to aid the jury in the examination of testimony or documents in evidence. *United States v. Catabran,* 836 F.2d 453, 458 (9th Cir. 1988); *see also Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1259 (9th Cir. 1984); *United States v. Johnson*, 594 F.2d 1253, 1255-57 (9th Cir. 1979). The proponents of a summary introduced pursuant to Rule 1006 must establish the admissibility of the underlying documents as a condition precedent to introduction of the summary. *United States v. Anekwu*. 695 F.3d 967, 981 (9th Cir. 2012) (citing *Johnson*, 594 F.2d at 1257). The underlying documents do not have to be admitted, but they must be established as admissible. *Johnson*, 594 F.2d at 1257. Summaries must fairly represent the

underlying documents upon which they are based and be supported by that proof. *United States v. Soulard*, 730 F.2d 1292, 1300 (9th Cir. 1984).

Rule 1006 treats properly admitted summaries as evidence in their own right rather than just presentations of other evidence in a more coherent form, as long as the underlying evidence is admissible. *Catabran*, 836 F.2d at 458. The Ninth Circuit, however, has ruled, that "charts or summaries of testimony or documents already admitted into evidence are merely pedagogical devices, and are not evidence themselves." *See e.g., United States v. Wood*, 943 F.2d 1048, 1053 (9th Cir. 1991). Nevertheless, the Ninth Circuit has also not reversed where summary exhibits of material already in evidence were themselves received as evidence. *Boulware*, 470 F.3d at 936; *see also Anekwu*, 695 F.3d at 981 (citing *Boulware* and noting the Ninth Circuit has not articulated a bright-line rule against admission of summary charts as evidence). Indeed, the Ninth Circuit has repeatedly recognized a district court's discretion under Fed. R. Evid. 611(a) to "admit summary exhibits for the purpose of assisting the jury in evaluating voluminous evidence." *Boulware*, 470 F.3d at 936 (citations omitted).

The Government anticipates that a large portion of Agent Emminger's testimony will relate to the presentation of summary evidence. Copies of the summary schedules will be provided to the Court and to the defendant before the testimony. The defendant has been given access, in the various disclosures by the government during discovery, to the underlying evidence that Agent Emminger used in her analysis. *See United States v. Wood*, 943 F.2d 1048, n. 7 (9th Cir. 1991) (noting that Rule 1006 provides that the originals or duplicates of the original document

**NOTICE OF INTENT TO INTRODUCE
EXPERT WITNESS TESTIMONY
PURSUANT TO FEDERAL RULE OF
CRIMINAL PROCEDURE 16(a)(1)(G)
AND SUMMARIES OF VOLUMINOUS
EVIDENCE PURSUANT TO FEDERAL
RULE OF EVIDENCE 1006 - 5**

underlying the summaries must be made available for examination or copying by other parties at a reasonable time and place).

With respect to the Government's summaries and reports, although preliminary summaries will be made available to the defense as they are prepared, the Government will amend any summary or report based on the evidence that is admitted at trial and final copies of the summaries will be available only after the summarized evidence has been admitted at trial.

Finally, pursuant to Rule 16(b)(1)(c) and the expert disclosure provided herein, the Government requests the disclosure of the defendant's experts, if any, including a written summary of expert testimony.

DATED this 27th day of April, 2016.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*/s/ Stuart A. Wexler*
STUART A. WEXLER
RYAN R. RAYBOULD
Trial Attorneys, Tax Division
(202) 305-3167

NOTICE OF INTENT TO INTRODUCE
EXPERT WITNESS TESTIMONY
PURSUANT TO FEDERAL RULE OF
CRIMINAL PROCEDURE 16(a)(1)(G)
AND SUMMARIES OF VOLUMINOUS
EVIDENCE PURSUANT TO FEDERAL
RULE OF EVIDENCE 1006 - 6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 27, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record for the defendant. Additionally, a copy of the foregoing was emailed to the defendant at millieannjones@gmail.com.

/s/ *Stuart A. Wexler*
STUART A. WEXLER
Trial Attorney, Tax Division

**NOTICE OF INTENT TO INTRODUCE
EXPERT WITNESS TESTIMONY
PURSUANT TO FEDERAL RULE OF
CRIMINAL PROCEDURE 16(a)(1)(G)
AND SUMMARIES OF VOLUMINOUS
EVIDENCE PURSUANT TO FEDERAL
RULE OF EVIDENCE 1006 - 7**