**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
District of Oregon
**STUART A. WEXLER**
Trial Attorney, Tax Division
Stuart.A.Wexler@usdoj.gov
**RYAN R. RAYBOULD**
Trial Attorney, Tax Division
Ryan.R.Raybould@usdoj.gov
1000 SW Third Ave, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
Attorneys for United States of America

### UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No.: 3:15-CR-00438-JO** |
| **Plaintiff,** | **NOTICE OF INTENT TO USE RULE 404(b) EVIDENCE** |
| **v.** | |
| **WINSTON SHROUT,** | |
| **Defendant.** | |

The United States of America, by and through Billy J. Williams, United States Attorney

for the District of Oregon, and Stuart A. Wexler and Ryan R. Raybould, Trial Attorneys, Tax

Division, hereby notifies the defendant of the Government's intent to introduce evidence

pursuant to Federal Rule of Evidence 404(b) during the trial of this matter.  As discussed below,

the Government believes, for certain items, the evidence is admissible independent of Rule

404(b) and thus not subject to the Rule.  In an abundance of caution, however, the Government

hereby provides notice of its intent to use such evidence in the event this evidence is determined

to be subject to the requirements of Federal Rule of Evidence 404(b).  The evidence is as follows:

1.  Evidence of the defendant's income tax filing history prior to the submission of his U.S. Individual Income Tax Return, Form 1040, for the 2009 calendar;

2.  Evidence that the defendant prepared, created, passed, and/or attempt to pass other fictitious financial instruments other than those charged in the Superseding Indictment.

## ARGUMENT

Federal Rule of Evidence 404(b) requires, upon the defendant's request, that the Government provide "reasonable notice. . . of the general nature" of evidence of other crimes, wrongs, or acts that it intends to introduce at trial.  According to the Rule's Advisory Committee Note from the 1991 amendments, Rule 404(b) requires the prosecution "to provide notice, regardless of how it intends to use the extrinsic act evidence at trial, i.e., during its case-in-chief, for impeachment, or for possible rebuttal."  Fed. R. Evid. 404(b) Advisory Committee Note, 1991.

Rule 404(b) is an "inclusionary rule."  See, e.g., United States v. Sneezer, 983 F.2d 920, 924 (9th Cir. 1992), cert. denied, 510 U.S. 836 (1993).  The evidence may be used to show motive, intent, opportunity, preparation, knowledge, absence of mistake, or common plan/scheme.  See Fed. R. Evid. 404(b)(2).  Such evidence may be admitted if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged.  United States v. Chea, 231 F.3d 531, 534 (9th Cir. 2000). Prior to admitting the evidence under Rule 404(b), however, the district court must determine whether the danger of undue prejudice substantially outweighs the probative value of

**NOTICE OF INTENT**                              **2**
**TO USE 404(b) EVIDENCE**

the evidence. Fed. R. Evid. 404(b) and 403; Huddleston v. United States, 485 U.S. 681, 690-91 (1988).

Federal Rule of Evidence 404(b) only applies to evidence that is extrinsic to the crime charged.  See United States v. Dorsey, 677 F.3d 944, 951 (9th Cir. 2012); United States v. Anderson, 741 F.3d 938, 949 (9th Cir. 2013).  Intrinsic evidence includes evidence that is "a part of the transaction that serves as the basis for the criminal charge."  Dorsey, 677 F.3d at 951. Indeed, Rule 404(b) does not apply "when offenses committed as part of a single criminal episode become other acts simply because the defendant is indicted for less than all of his actions."  Intrinsic evidence includes that evidence that is necessary to "permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime."  Id.; Anderson, 741 F.3d at 949-50.

Notice 1: The Government intends to introduce evidence of the defendant's federal income tax filing history prior to the 2009 calendar year, which is the earliest calendar year for which the defendant is charged with willful failure to file tax returns as alleged in the Superseding Indictment.  Specifically, the Government intends to introduce evidence in its case-in-chief that the defendant did not file federal income tax returns for calendar years 1997 through 2008, and the defendant did in fact file federal income tax returns for calendar years 1995 and 1996.

Courts have consistently held that a defendant's tax filing history is probative of willfulness.  See, e.g., United States v. Daraio, 445 F.3d 253, 264-65 (3d Cir. 2006) (holding that evidence of defendant's prior non-compliance with tax laws admissible to show willfulness in tax evasion case); United Sates v. Bok, 156 F.3d 157, 165-66 (2d Cir. 1998) (holding that evidence of failure to file state and federal tax returns prior to the charged conduct admissible in

**NOTICE OF INTENT**                                   **3**
**TO USE 404(b) EVIDENCE**

tax evasion to show intent); <u>United States v. Upton</u>, 799 F.2d 432, 433 (8th Cir. 1986) (finding

that evidence of defendant's noncompliance with tax laws before and after the charged conduct

is probative of willfulness); <u>United States v. Magnus</u>, 365 F.2d 10007, 1011-12 (2d Cir. 1966)

(many years' worth of defendant's prior taxpaying or filing history, both federal and state, was

properly admitted to show willfulness).

In order to prove its case as to Counts 14 through 19, the Government needs to prove that

the defendant willfully failed to file federal income tax returns.  In order to meet its burden with

respect to willfulness, the Government intends to use the evidence of the defendant's prior tax

filing history to demonstrate that he acted willfully when he failed to file federal income tax

returns for years 2009 through 2014.  Because direct proof of a defendant's state of mind is

rarely available, circumstantial evidence and inferences draw from such evidence are typically

used to establish willfulness and intent in a tax fraud prosecution.  <u>See United States v. Woodley</u>,

9 F.3d 774, 779 (9th Cir. 1993); <u>United States v. Conforte</u>, 624 F.2d 869, 875 (9th Cir. 1980).

The Ninth Circuit has held that prior tax filing history or lack thereof by the defendant is

probative of willfulness in a criminal tax case.  <u>See, e.g., United States v. Buras</u>, 633 F.2d 1356,

1359 (9th Cir. 1980) (defendant's filing of tax returns eight years prior to years in question

demonstrate he understood his legal obligation to file returns); <u>United States v. Snow</u>, 529 F.2d

224, 225 (9th Cir. 1976) (per curiam) (defendant's failure to file returns six years preceding

years charged probative of willfulness); <u>see also United States v. Chaudhry</u>, 2008 WL 2128197,

at *3-4 (N.D. Cal. 2008) (noting that defendant's prior tax filing history indicative of willfulness

in criminal tax case).  That the defendant Shrout at one time prior to the charged conduct knew

that he had a duty to file tax returns—and in fact did file tax returns—indicates that in the years

charged he willfully failed to file federal income tax returns.  It also demonstrates that the

**NOTICE OF INTENT**                                          **4**
**TO USE 404(b) EVIDENCE**

defendant did not act in good faith, especially given his track record of failing to file federal income tax returns with the IRS.  As such, the Government respectfully submits to the Court that the defendant's tax filing history prior to the 2009 calendar year demonstrates the Defendant's willfulness in the instant case and is thus intrinsic evidence to the charged conduct.

Should the Court not find that the evidence is direct evidence of willfulness and the defendant's state of mind, the Government offers the evidence in the alternative to demonstrate the defendant's intent, knowledge, and common plan or scheme to commit tax fraud, and absence of any mistake pursuant to Rule 404(b).  The evidence that the defendant did not file returns year after year demonstrates that it was not a mistake that he failed to file returns for the years charged in the Superseding Indictment.  Furthermore, the fact that the Defendant filed returns previously shows that he had the wherewithal and the knowledge of how to file tax returns in subsequent years.  Additionally, the Defendant's failure to file returns over a significant period of time demonstrates his common plan and scheme to continue to defraud the IRS.  This is particularly true when coupled with the fictitious obligations charges, which require the Government to prove, among other things, the Defendant knowingly devised a scheme to defraud.  In essence, this case is about Defendant Shrout's overall plan and scheme to defraud the United States, agencies thereof, and financial institutions.  It was a multifaceted assault by the Defendant in that he deliberately chose not to file tax returns while at the same time he devised and executed a scheme to defraud whereby he would create and attempt to pass fictitious financial instruments to obtain monies, disrupt the administration of our tax laws, and disrupt the operation of our financial systems.  Accordingly, should the Court deem the tax filing history, or lack thereof, of the Defendant as 404(b) evidence, the Government respectfully submits it is indicative of motive, intent, knowledge, and common plan or scheme.

**NOTICE OF INTENT**            **5**
**TO USE 404(b) EVIDENCE**

Notice 2:  The Government intends to introduce evidence that the defendant made, prepared, presented and attempted or caused the same, other fictitious financial instruments.  The Government believes that this conduct is intrinsic evidence because it is substantially the same conduct as alleged in Counts 1 through 13 of the Superseding Indictment.  Indeed, the Superseding Indictment specifically provides that it was part of the defendant's scheme and artifice to defraud to produce and issue more than three hundred fictitious financial instruments on his own behalf or for third parties.  The majority of the three hundred plus fictitious financial instruments (1) share similar characteristics to the fictitious financial instruments included in Counts 1 through 13; (2) were made or created by the defendant during the same time as the fictitious financial instruments that are charged; and (3) were found at the same place—on the defendant's laptop—as those fictitious financial instruments alleged in Counts 1 through 13. Importantly, the other fictitious financial instruments are being offered to show "a coherent and comprehendible story regarding" the defendant's scheme and artifice to defraud.  See United States v. Curtin, 443 F.3d 1084, 1090 (9th Cir. 2006).  Such evidence would assist the jury in its understanding of the overall scope of the defendant's scheme and artifice to defraud.  See, e.g., Curtin, 443 F.3d at 1090 (quoting United States v. DeGeorge, 380 F.3d 1203, 1220 (9th Cir. 2004); United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012-13 (9th Cir. 1995)).  As such, the Government believes that the other three hundred plus fictitious financial instruments are intrinsic evidence.

Should the Court not find the evidence of the other three hundred or so fictitious financial instruments as intrinsic evidence of the defendant's scheme and artifice to defraud, the Government offers the evidence in the alternative to show motive, intent, knowledge, absence of mistaken, and common plan or scheme.  That the defendant is routinely making and producing

**NOTICE OF INTENT**                                    **6**
**TO USE 404(b) EVIDENCE**

these documents demonstrates that he had the knowledge to create fictitious financial instruments and it also rebuts a claim that he accidentally made or possessed these fictitious financial instruments.  The sheer amount of fictitious financial instruments that the defendant was in possession of or attempted to pass demonstrates he was intimately involved in a scheme or common plan to defraud the United States and other financial institutions.  Accordingly, the Government submits that the other fictitious financial instruments that are not contained as one of the charged counts, but do show up as allegations in the Superseding Indictment, do, at the very least, satisfy Rule 404(b) and Rule 403.

DATED this 5th day of May, 2016.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*/s/ Ryan R. Raybould*
RYAN R. RAYBOULD
STUART A. WEXLER
Trial Attorneys, Tax Division
(202) 305-3167

**NOTICE OF INTENT**                                         7
**TO USE 404(b) EVIDENCE**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 5, 2016, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

attorney(s) of record for the defendant.  Additionally, a copy of the foregoing was emailed to the

defendant at millieannjones@gmail.com.


/s/ *Ryan R. Raybould*
RYAN R. RAYBOULD
Trial Attorney, Tax Division


**NOTICE OF INTENT**                    **8**
**TO USE 404(b) EVIDENCE**