**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
District of Oregon
**STUART A. WEXLER**
Trial Attorney, Tax Division
Stuart.A.Wexler@usdoj.gov
**RYAN R. RAYBOULD**
Trial Attorney, Tax Division
Ryan.R.Raybould@usdoj.gov
1000 SW Third Ave, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
Attorneys for United States of America

### UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No.: 3:15-CR-00438-JO** |
| Plaintiff, | **SUPPLEMENTAL NOTICE OF INTENT TO USE RULE 404(b) EVIDENCE** |
| v. | |
| **WINSTON SHROUT,** | |
| Defendant. | |

     The United States of America, by and through Billy J. Williams, United States Attorney for the District of Oregon, and Stuart A. Wexler and Ryan R. Raybould, Trial Attorneys, Tax Division, hereby notifies the defendant of the Government's intent to introduce additional evidence pursuant to Federal Rule of Evidence 404(b) during the trial of this matter.[1]  As discussed below, the Government believes the evidence is admissible independent of Rule 404(b) and thus not subject to the Rule.  In an abundance of caution, however, the Government hereby provides its supplemental notice of its intent to use such evidence in the event this

---

[1] The Government filed an initial notice of intent to introduce 404(b) evidence on May 5, 2016. (Doc. 37.)

evidence is determined to be subject to the requirements of Federal Rules of Evidence 404(b) and 403.  The evidence the Government intends to present is video clips from the defendant's seminars where he is teaching seminar attendees how to create certain false financial instruments, including Bills of Exchange; video clips in which the defendant admits to certain elements of the offenses for which he has been charged; and an audio clip taken from a recorded "podcast" during which the defendant admits certain elements of the offenses for which he has been charged.

Some of these examples include the following:

1.  In a seminar in San Antonio, Texas, while explaining how to create bonds and bills of exchange to present to financial institutions and government entities, the defendant addresses the concept of willfulness.  The defendant states that if "you intend do a thing then you cannot be adjudged as innocent."  He then provides an example of how one can be found guilty of a crime, noting that if he were to do something willfully, then he "must pay the price" for the crime.

2.  In a seminar in St. Joseph, Missouri, while explaining how to create financial instruments, the defendant details his perceived negative experience with the IRS during a civil audit and how that directed him to his journey to try to look for "answers."

3.  Also in the St. Joseph, Missouri, seminar the defendant explains in detail how the seminar attendees can create and manufacture financial instruments. The defendant opines that it is good practice to send the financial instruments to the Department of the Treasury.  The defendant advises that it is important to "juice . . . up" the financial

**SUPPLEMENTAL NOTICE**
**OF INTENT TO USE**
**404(b) EVIDENCE**

2

instrument for millions of dollars because this will get the attention of the Department of the Treasury.

4.  In another seminar in Orlando, Florida, the defendant explains in detail to the seminar attendees how to create and manufacture Bills of Exchange. The defendant details his own business practice for how he creates financial instruments. While walking through with the seminar attendees a template of a financial instrument he created, the defendant admits that he does not know items that he puts on the face of the financial instruments that he creates. The defendant advises that the seminar attendees ought to use his template when creating their own Bills of Exchange.

5.  In a seminar in Kelowna, Canada, while discussing promissory notes and other financial instruments, the defendant states that there are negative consequences to using templates. The defendant admits that he has made mistakes on paper, and that the mistakes that he has made on paper "may have caused [people] problems."

6.  In a seminar in London, England, while discussing International Bills of Exchange, the defendant states that he attempted to look up words on the templates that he uses to author Bills of Exchange and was unable to determine the meaning of some of the words. The defendant further states that it is "really cool" that he can't find the meanings of the words because that means "they can't find them either," while referencing the Government and others who might receive these Bills of Exchange from the defendant and his followers.

7.  In a seminar in Boston, Massachusetts, the defendant admitted to the seminar attendees that they would have trouble presenting promissory notes or other financial

**SUPPLEMENTAL NOTICE**                    3
**OF INTENT TO USE**
**404(b) EVIDENCE**

instruments to banks and governments if they did such actions alone.  Therefore, the

defendant advised that the seminar attendees recruit other individuals in their local

communities to do the same so that the action of presenting financial instruments to

banks or governments appears more legitimate.

8.   In a "podcast" recorded on March 29, 2016, while discussing his superseding

indictment and his involvement with the creation of financial instruments, the

defendant admitted that he "wrote the instrument, some of the instruments these guys

are squawking about now. . . . I wrote the instrument."  The defendant goes on to say

that "this is probably something that your average guy wouldn't want to attempt, for

obvious reasons. . . . [Y]ou know, some of these things are very difficult and should

not be attempted by amateurs.  The truth be known, I'm the only, I'm certainly

authorized to, uh, to issue a bill of exchange, probably the only guy on the planet that

is."

A complete list of the video clips and audio clip the government intends to introduce at

trial pursuant to this Notice is included as Attachment A.  The defendant has been provided raw

portions of these video and audio clips as part of discovery, and the Government will provide the

defendant a copy of the final, edited and prepared-for-trial clips – with accompanying

transcription – in advance of the final pre-trial conference on June 1, 2016.

## <u>ARGUMENT</u>

Federal Rule of Evidence 404(b) requires, upon the defendant's request, that the

Government provide "reasonable notice. . . of the general nature" of evidence of other crimes,

wrongs, or acts that it intends to introduce at trial.  According to the Rule's Advisory Committee

**SUPPLEMENTAL NOTICE                4**
**OF INTENT TO USE**
**404(b) EVIDENCE**

Note from the 1991 amendments, Rule 404(b) requires the prosecution "to provide notice, regardless of how it intends to use the extrinsic act evidence at trial, i.e., during its case-in-chief, for impeachment, or for possible rebuttal." Fed. R. Evid. 404(b) Advisory Committee Note, 1991.

Rule 404(b) is an "inclusionary rule." See, e.g., United States v. Sneezer, 983 F.2d 920, 924 (9th Cir. 1992), cert. denied, 510 U.S. 836 (1993). The evidence may be used to show motive, intent, opportunity, preparation, knowledge, absence of mistake, or common plan/scheme. See Fed. R. Evid. 404(b)(2). Such evidence may be admitted if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged. United States v. Chea, 231 F.3d 531, 534 (9th Cir. 2000). Prior to admitting the evidence under Rule 404(b), however, the district court must determine whether the danger of undue prejudice substantially outweighs the probative value of the evidence. Fed. R. Evid. 404(b) and 403; Huddleston v. United States, 485 U.S. 681, 690-91 (1988).

Federal Rule of Evidence 404(b) only applies to evidence that is extrinsic to the crime charged. See United States v. Dorsey, 677 F.3d 944, 951 (9th Cir. 2012); United States v. Anderson, 741 F.3d 938, 949 (9th Cir. 2013). Intrinsic evidence includes evidence that is "a part of the transaction that serves as the basis for the criminal charge." Dorsey, 677 F.3d at 951. Indeed, Rule 404(b) does not apply "when offenses committed as part of a single criminal episode become other acts simply because the defendant is indicted for less than all of his actions." Intrinsic evidence includes that evidence that is necessary to "permit the prosecutor to

**SUPPLEMENTAL NOTICE**                    5
**OF INTENT TO USE**
**404(b) EVIDENCE**

offer a coherent and comprehensible story regarding the commission of the crime." Id.; Anderson, 741 F.3d at 949-50.

Here, the video clips of the defendant's seminars are intrinsic to the charged conduct in this case. The defendant has been charged with making, creating, passing, and sending through the mails fake financial instruments.  Under the law, the Government must prove, in part, that the defendant had the intent to defraud when passing, creating, or sending through the mails the fake financial instruments.  The video clips highlight that the defendant is acting with requisite intent to defraud.  That the defendant is telling seminar attendees to make up numbers on the financial instruments ("juice it up") or advising them as to how to get the attention of the Department of the Treasury when presenting the fake financial instruments supports a strong inference that not even the defendant believed what he was doing was legitimate.  Stated differently, the defendant is attempting to empower others to commit similar fraud to that for which he has been charged— the presentment, creation, and manufacturing of fake financial instruments.  By the same stroke, the video clips show that defendant has a degree of sophistication in his understanding of the law as he explains what it means to act "willfully."  All of this goes to show that the defendant's charged conduct of presenting and creating fake financial instruments (particularly Bills of Exchange) was done with intent to defraud.

Additionally, the video clips of the defendant's seminars are intrinsic to the charged conduct because they demonstrate the financial instruments created and manufactured by the defendant are false and fraudulent, as well as the defendant's knowledge that this was the case at the time he created them.  This is because the template used by the defendant in his seminars (shown in the video clips) is almost identical to the actual Bills of Exchange that have been

**SUPPLEMENTAL NOTICE**                          6
**OF INTENT TO USE**
**404(b) EVIDENCE**

charged in this case.  Indeed, when the defendant states that the numbers can be made up on the template of the Bill of Exchange, the defendant is necessarily admitting that when he presented his own Bills of Exchange to the Department of Treasury and/or a financial institution he knew that what he was doing was false and fraudulent.

Along these same lines, the fact that the defendant states in the Kelowna seminar that the templates he has provided to people "may have caused [them] problems," is for all intents and purposes a confession as to the falsity of what he is doing and the illegitimacy of the Bills of Exchange, promissory notes, and other arsenal of templates the defendant provides to his seminar attendees and his customers.  Or, take the fact that the defendant states to the Boston seminar attendees that they may have better success if they recruit other individuals to do the same (present financial instruments to government institutions and banks).   Why would you need to recruit another person to do the same action you are doing (presenting a financial instrument to a bank or government institution) if what you are doing is legitimate, or you otherwise believe that what you are doing is legitimate?  The Government intends to use this admission as well as the other admissions identified above to demonstrate that the defendant had the intent to defraud, particularly in that he knew exactly that what he was doing was false and fraudulent when he passed, created, or attempted to pass the International Bills of Exchange and other fake financial instruments.

Furthermore, the video clips demonstrate that the Bills of Exchange and other financial instruments the defendant creates (based on the templates he makes up) have no real value—that they are fake and fictitious, which is another element of the offense the Government must prove on the Section 514 charges.

**SUPPLEMENTAL NOTICE**                    **7**
**OF INTENT TO USE**
**404(b) EVIDENCE**

The video clips also show how the defendant taught others to create Bills of Exchange and other fictitious financial documents.  The Government intends to use this evidence to show the jury a coherent and comprehensible story as to how the defendant committed the crimes of presenting and manufacturing fake financial documents to banks and the government institutions. The defendant was on the top of the food chain as to how to commit this type of fraud.  That he taught others, explained in detail how to commit this kind of fraud, and provided templates to his seminar attendees is intrinsic to the story that the defendant is a man that has a visceral intent to defraud the IRS, other government agencies, and financial institutions.  Dorsey, 677 F.3d at 951; Anderson, 741 F.3d at 949-50.

Finally, the podcast audio clip is intrinsic to the crimes charged because it is a statement by the defendant in which he admits an essential element of the crimes charged.  In order to carry its burden of proof on Counts 1 through 7 of the Superseding Indictment, the government must prove the defendant drew, printed, produced, published or otherwise made the charged fictitious financial instruments.  18 U.S.C. § 514(a)(1).  The audio clip is an admission by the defendant that he made the instruments charged in the Superseding Indictment and, as an opposing party statement, is excluded from the rule against hearsay.  Fed. R. Evid. 801(d)(2)(A).

For the reasons provided above, the Government respectfully submits that the video clips of the defendant's seminars and audio "podcast" clip are intrinsic to the Section 514 charges in the Superseding Indictment.

In the event that the Court finds the video clips of the defendant's seminars and the audio clip are not intrinsic to the charged conduct, the Government offers the evidence in the alternative to demonstrate the defendant's intent, knowledge, and common plan or scheme to

**SUPPLEMENTAL NOTICE**                     8
**OF INTENT TO USE**
**404(b) EVIDENCE**

commit tax fraud, and absence of any mistake pursuant to Rule 404(b). The video clips in which the defendant is going through in detail how to create Bills of Exchange shows that the defendant had the knowledge to commit the crimes for which he has been charged. It also shows that the hundreds of Bills of Exchange that were found on his computer did not get there by accident. The audio clip in which the defendant states he is the "only guy on the planet" authorized to issue Bills of Exchange also demonstrates intent, knowledge, and a common plan.

The video clips also demonstrate the defendant's overall plan/scheme and motive to defraud the IRS and other financial institutions. As noted above, the defendant is leading the charge for how to commit fraud by making and presenting fake financial instruments. The defendant explains to the seminar attendees his own path to this fraud—grown out of his perceived negative experience with the IRS. This demonstrates the defendant's motive for why he does what he does: he disrupts financial and government institutions by presenting and creating fake financial instruments.

Accordingly, the Government submits that the video clips from the defendant's seminar also satisfy any Rule 404(b) and Rule 403 analysis.

DATED this 11th day of May, 2016.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*/s/ Ryan R. Raybould*
RYAN R. RAYBOULD
STUART A. WEXLER
Trial Attorneys, Tax Division
(202) 305-3167

**SUPPLEMENTAL NOTICE**                    9
**OF INTENT TO USE**
**404(b) EVIDENCE**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 11, 2016, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

attorney(s) of record for the defendant.  Additionally, a copy of the foregoing was emailed to the

defendant at millieannjones@gmail.com.


/s/ *Ryan R. Raybould*
RYAN R. RAYBOULD
Trial Attorney, Tax Division


**SUPPLEMENTAL NOTICE**             **10**
**OF INTENT TO USE**
**404(b) EVIDENCE**