**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
District of Oregon
**STUART A. WEXLER**
Trial Attorney, Tax Division
Stuart.A.Wexler@usdoj.gov
**RYAN R. RAYBOULD**
Trial Attorney, Tax Division
Ryan.R.Raybould@usdoj.gov
1000 SW Third Ave, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
Attorneys for United States of America

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:15-CR-00438-JO |
| Plaintiff, | SECOND SUPPLEMENTAL NOTICE OF INTENT TO USE RULE 404(b) EVIDENCE |
| v. | |
| WINSTON SHROUT, | |
| Defendant. | |

The United States of America, by and through Billy J. Williams, United States Attorney for the District of Oregon, and Stuart A. Wexler and Ryan R. Raybould, Trial Attorneys, Tax Division, hereby notifies the defendant of the Government's intent to introduce additional evidence pursuant to Federal Rule of Evidence 404(b) during the trial of this matter.[1] As discussed below, the Government believes the evidence is admissible independent of Rule 404(b) and thus not subject to the Rule. In an abundance of caution, however, the Government

---

[1] The Government filed an initial notice of intent to introduce 404(b) evidence on May 5, 2016, and a supplemental notice on May 11, 2016. (Doc. 37 and Doc. 44.)

hereby provides its second supplemental notice of its intent to use such evidence in the event this evidence is determined to be subject to the requirements of Federal Rules of Evidence 404(b) and 403. The evidence that the Government intends to introduce at trial includes documents and files obtained from the defendant's computer, which was seized during the execution of the search warrant and has since been analyzed by a computer investigative specialist with IRS-CI. Specifically, the documents and files seized from the defendant's computer that the Government intends to introduce at trial include the following:

(1) Templates for fictitious financial instruments;

(2) Scans of FedEx slips tracking the mailing of fictitious financial instruments;

(3) Instructions for how to process or verify fictitious financial instruments;

(4) The defendant's correspondence with banks in which he vouches for the legitimacy of the fictitious instruments that he is attempting to pass;

(5) The defendant's correspondence with customers requesting the preparation of certain fictitious financial instruments;

(6) Corporate documents showing the defendant's relationship with Metro Grant Holding Corporation;

(7) Legal treatises and other instructions on the law regarding financial instruments and general criminal law principles.

*See* Attachment A.

/ /

/ /

/ /

**SECOND SUPPLEMENTAL NOTICE      2**
**OF INTENT TO USE**
**404(b) EVIDENCE**

## ARGUMENT

Federal Rule of Evidence 404(b) requires, upon the defendant's request, that the Government provide "reasonable notice. . . of the general nature" of evidence of other crimes, wrongs, or acts that it intends to introduce at trial.  According to the Rule's Advisory Committee Note from the 1991 amendments, Rule 404(b) requires the prosecution "to provide notice, regardless of how it intends to use the extrinsic act evidence at trial, i.e., during its case-in-chief, for impeachment, or for possible rebuttal."  Fed. R. Evid. 404(b) Advisory Committee Note, 1991.

Rule 404(b) is an "inclusionary rule."  See, e.g., United States v. Sneezer, 983 F.2d 920, 924 (9th Cir. 1992), cert. denied, 510 U.S. 836 (1993).  The evidence may be used to show motive, intent, opportunity, preparation, knowledge, absence of mistake, or common plan/scheme.  See Fed. R. Evid. 404(b)(2).  Such evidence may be admitted if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged.  United States v. Chea, 231 F.3d 531, 534 (9th Cir. 2000). Prior to admitting the evidence under Rule 404(b), however, the district court must determine whether the danger of undue prejudice substantially outweighs the probative value of the evidence. Fed. R. Evid. 404(b) and 403; Huddleston v. United States, 485 U.S. 681, 690-91 (1988).

Federal Rule of Evidence 404(b) only applies to evidence that is extrinsic to the crime charged.  See United States v. Dorsey, 677 F.3d 944, 951 (9th Cir. 2012); United States v. Anderson, 741 F.3d 938, 949 (9th Cir. 2013).  Intrinsic evidence includes evidence that is "a part

of the transaction that serves as the basis for the criminal charge." Dorsey, 677 F.3d at 951. Indeed, Rule 404(b) does not apply "when offenses committed as part of a single criminal episode become other acts simply because the defendant is indicted for less than all of his actions." Intrinsic evidence includes that evidence that is necessary to "permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." Id.; Anderson, 741 F.3d at 949-50.

      Here, the evidence that was seized from the defendant's computer is intrinsic to the charged conduct in this case. The defendant has been charged with making, creating, passing, and sending through the mails fake financial instruments. Under the law, the Government must prove, in part, that the defendant acted with the requisite intent to defraud when he made, passed, or attempted to pass the fictitious financial instruments. The items and documents that were found on the defendant's computer are direct evidence of his intent to defraud. That the defendant had fictitious financial instrument templates on his computer, instructions on how to prepare fictitious financial instruments, was vouching for the legitimacy of the fictitious financial instruments with banks and government agencies, and was teaching others how to do the same, leads to the inference that when he passed and manufactured the fictitious financial instruments that he has been charged with in Counts 1 through 13, the defendant was acting to cheat or deceive. This evidence is even more probative of his intent to defraud given the Government will be presenting testimony—primarily through its expert witness on financial instruments—that the instruments created, passed, and presented by the defendant are fictitious and have no monetary value. Thus, the fact that the defendant had legal treatises on his computer explaining criminal law—i.e., the concept of willfulness—and, more specifically, the crime of presenting

fake financial instruments, provides evidence that the defendant knew his duties under the law (not to commit fraud by making up financial documents) and yet chose to disregard those known duties by engaging in consistent scheme to defraud.

Additionally, the evidence on his computer demonstrates that he is the one responsible for presenting, creating, and passing the fictitious instruments for which he has been charged. Counts 11 through 13 charge the defendant with using the mails to submit or transfer the fictitious financial instruments. Some of the FedEx receipts that were found on the defendant's computer link him to specific financial instruments that are charged in the Superseding Indictment. Indeed, those FedEx receipts found on his computer match the FedEx receipts that the bank preserved as part of its business records. Those FedEx slips further link the defendant to the creation and presentment of the fake financial instruments to American Metro Bank. The other FedEx slips, those not directly linked to a specific count, nevertheless provide a strong inference that the defendant repeatedly acted with the intent to defraud and he had a business practice to track his fraud by maintaining the FedEx slips tracing the fake financial instruments he was unleashing on banks and government agencies.

Along these same lines, the defendant's correspondence with and corporate documents related to his dealings with Metro Grant Holding Corporation shows that he was in fact the individual that presented the fake financial instruments—to wit, International Bills of Exchange. Indeed, two of the fictitious financial instruments that are charged in the Superseding Indictment as Counts 8, 9, 11 and 12 purportedly obligated American Metro Bank to pay $1 trillion to Metro Grant Holding Corporation. The documents on the defendant's computer indicate that he was a member and officer of Metro Grant Holding Corporation, which means that he would have

financially benefited from the fraud if the bank had paid out the $1 trillion to Metro Grant Holding Corporation. It further shows that given his association with Metro Grant Holding Corporation, in addition to the other indicia connecting him to the crime, that he was responsible for presenting the fictitious instrument to the banks as charged in Counts 8, 9, 11 and 12.[2]

Furthermore, the evidence on the defendant's computer—the templates of the fictitious financial instruments, the defendant's correspondence with customers and banks related to fictitious financial instruments, the FedEx slips, the Metro Grant Holding Corporation documents, and the legal treatises—allows the Government to present to the jury a coherent and comprehensible story that the defendant was committed to executing, teaching, and convincing others, including customers and banks, of his fraud. And the fact that he had direct notice of the criminality of his actions, evidenced by the legal treatises and the criminal law principles found on the defendant's computer, provides the jury with a complete and comprehensible that the defendant knew what he was doing and yet acted with intent to defraud.

Accordingly, the Government respectfully submits that the evidence found on the defendant's computer is intrinsic to the charged counts in the Superseding Indictment, particularly the Section 514 charges in the Superseding Indictment.

In the event that the Court finds the documents and files on the defendant's computer are not intrinsic to the charged conduct, the Government offers the evidence in the alternative to demonstrate the defendant's intent, knowledge, and common plan or scheme to commit tax fraud, and absence of any mistake pursuant to Rule 404(b). As identified above, the defendant

---

[2] This evidence is in addition to the fact that (1) the defendant signed the International Bills of Exchange charged in Counts 8, 9, 11, and 12, and (2) the FedEx slips through which the International Bills of Exchange were presented to American Metro Bank contained the defendant's signature and return addresses.

**SECOND SUPPLEMENTAL NOTICE**     6
**OF INTENT TO USE**
**404(b) EVIDENCE**

had a common plan or scheme to defraud the IRS, financial institutions, and government agencies. The correspondence with the banks and customers, as well as the templates of the fictitious instruments and the instructions on how to fill the templates out, were all tools of the defendant's trade of committing tax and financial fraud. The evidence on the computer further demonstrates intent, knowledge, and absence of mistake.

Accordingly, the Government submits that the documents and files on the defendant's computer satisfy any Rule 404(b) and Rule 403 analysis, and that such evidence is intrinsic to the charged conduct in this case.

DATED this 17th day of May, 2016.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*/s/ Ryan R. Raybould*
RYAN R. RAYBOULD
STUART A. WEXLER
Trial Attorneys, Tax Division
(202) 305-3167

SECOND SUPPLEMENTAL NOTICE      7
OF INTENT TO USE
404(b) EVIDENCE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record for the defendant. Additionally, a copy of the foregoing was emailed to the defendant at millieannjones@gmail.com.

    /s/ *Ryan R. Raybould*
RYAN R. RAYBOULD
Trial Attorney, Tax Division

SECOND SUPPLEMENTAL NOTICE    8
OF INTENT TO USE
404(b) EVIDENCE