**Ruben L. Iñiguez**
**Assistant Federal Public Defender**
**101 SW Main Street, Suite 1700**
**Portland, OR  97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**
**Email: ruben_iniguez@fd.org**
**Advisory Counsel for** *Pro Se* **Defendant**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:15-cr-00438-JO |
| Plaintiff, | UNOPPOSED MOTION TO CONTINUE JURY TRIAL DATE |
| vs. | |
| **WINSTON SHROUT,** | |
| Defendant. | |

The *pro se* defendant, Winston Shrout, through his advisory counsel, Ruben L. Iñiguez, moves the Court to enter an Order continuing the trial date in the above-captioned case for approximately 120 days (*i.e.*, until October 11, 2016).  A two-week jury trial is currently scheduled for June 7, 2016.  This motion constitutes Mr. Shrout's first

Page 1 - UNOPPOSED MOTION TO CONTINUE TRIAL DATE

request to continue the trial date. The government, through Tax Division Trial Attorneys, Stuart A. Wexler and Ryan R. Raybould, does not oppose this motion.

**PROCEDURAL HISTORY**

On December 8, 2015, the government filed an Indictment charging Mr. Shrout with six misdemeanor counts of Willful Failure to File Return, in violation of 26 U.S.C. § 7603. CR 1. That same day, the government served a summons directing Mr. Shrout to appear in court on January 7, 2016. CR 6.

Mr. Shrout appeared before Magistrate Judge Acosta on January 7, 2016, as directed by the summons. CR 8. Judge Acosta appointed "advisory counsel" for Mr. Shrout, ordered his release on conditions, and scheduled an arraignment before the assigned District Court Judge on February 3. CR 7-8.

Mr. Shrout appeared for arraignment before Senior U.S. District Court Judge Robert E. Jones on February 3. CR 12. The Court conducted a *Farettta* hearing, found Mr. Shrout competent to waive his right to representation by counsel, and authorized him to "proceed pro se with the Federal Defender present as advisory counsel." *Id*. The Court entered Mr. Shrout's pleas of "not guilty" to the six misdemeanor charges, scheduled a jury trial for May 3, and continued his pretrial release. *Id.*

On March 15, the government filed a Superseding Indictment. CR 17. In addition to the six misdemeanors alleged in the original Indictment (*i.e.*, Willful Failure to File

**Page 2 - UNOPPOSED MOTION TO CONTINUE TRIAL DATE**

Return), the Superseding Indictment charges Mr. Shrout with 13 felony counts of Fictitious Obligations, in violation of 18 U.S.C. § 514(a). *Id*. The government later served Mr. Shrout with a summons, directing him to appear for arraignment on March 31. CR 22.

Mr. Shrout appeared for arraignment on the Superseding Indictment before Judge Jones on March 31, as directed. CR 26. At the request of the government (CR 24), the Court first held another *Farettta* hearing. *Id*. Again, the Court found Mr. Shrout competent to waive his right to representation by counsel and authorized him to "proceed Pro Se with Assistant Federal Public Defender Ruben L. Iniguez appointed as advisory counsel." *Id*. The Court *sua sponte* declared the case "complex," entered Mr. Shrout's pleas of "not guilty" to all 19 counts, scheduled a final pretrial conference for June 1, and rescheduled the jury trial for June 7. *Id*.[1] Although the Court continued Mr. Shrout's pretrial release, it added special release conditions. *See* CR 28. Mr. Shrout has remained out of custody and in compliance with the terms of his pretrial release since January 7.

---

[1] The Speedy Trial Act excludes delays resulting from a continuance when the court finds that the "ends of justice served by taking [that] action outweigh the ... interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Among the factors a court must consider in deciding whether to grant a continuance under this section are: "Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

## STATUS OF DISCOVERY[2]

On February 18, 2016, the government produced initial discovery. "[T]he discovery encompasses extensive records, much of which is contained on computer hard drives." Letter dated February 8, 2016, at 1.[3] The initial production included three separate CD-ROM disks. The first disk "contains [digital bank] records obtained from Wells Fargo Bank in response to a subpoena." Letter dated February 18, 2016. The second "contains various items of evidence gathered during the course of the government's investigation." *Id*. The third "contains scanned copies of records that were seized during the execution of a search warrant . . . [almost four years ago] in June, 2012." *Id*. The government also produced an index to the documents.

That same day, February 18, advisory counsel forwarded a blank, 2-terabyte (2 TB) capacity hard drive to the government. The government requested the blank storage device so that it could produce copies of the "approximately 1.5 TB of additional digital material associated with the investigation of this case." Letter dated February 8, 2016, at

---

[2] Prior to the production of any discovery, the government filed a motion for an Order to: (1) authorize the disclosure of (a) taxpayer returns and return information and (b) transcripts of witness testimony and documents obtained by federal grand jury subpoenas; and (2) prevent the dissemination or misuse of discovery material containing sensitive information. CR 14. The Court granted the motion. It entered the Order on February 10, 2016. CR 15.

[3] The government "digitized approximately 12,000 pages of documents related to this case." Letter dated February 8, 2016, at 2. "Scanned images of those documents have been imported into an e-discovery software package called iPro; each page has been assigned a Bates number. There are two iPro databases covering the approximately 12,000 total pages." *Id*. The two databases were then published to separate DVDs.

**Page 4 - UNOPPOSED MOTION TO CONTINUE TRIAL DATE**

2. "The material originates from nine (9) computer hard drives that were seized . . . [almost four years ago] in June, 2012, pursuant to a search warrant…." *Id*. at 2-3.

On February 29, the government returned the 2 TB hard drive to advisory counsel. The hard drive now contains "mirror images" of the nine (9) computer hard drives seized by the government in June 2012.  Letter dated February 29, 2016, at 1.

Three days later, the government forwarded its "third production of discovery." Letter dated March 3, 2016, at 1.  That disk "contains an updated iPro database that includes both the material disclosed on February 19, as well as new, additional items." *Id*.  The government also produced an index indicating "what material is new." *Id*.

One month later, the government forwarded its "fourth production of discovery." Letter dated April 8, 2016, at 1.  "The material includes nine [more] disks." *Id*.  "The disks contain audio and video files taken as part of a[n] … investigation conducted [seven years ago] in 2009 and an … investigation conducted [four years ago] in 2012." *Id*.[4]

Earlier this month, on May 3, the government forwarded its "fifth production of discovery."  Letter dated May 3, 2016, at 1.  That disk "contains four separate documents:

---

[4] That same day, April 8, "in an attempt to narrow the field of view … in light of the significant amount of material disclosed … in discovery," the government produced one additional disk containing "some key documents" that are "solely focused on the [fictitious obligation] charges."  E-mail dated April 8, 2016.  While "these documents will be part of the government's evidence at trial, [they] certainly do not represent the limit of the government's evidence." *Id*.

**Page 5 - UNOPPOSED MOTION TO CONTINUE TRIAL DATE**

a Memorandum of Interview related to the [recent] interview of [a witness] …; an audio file with accompanying certified transcription related to a [recent] podcast …; and a table showing a list of WSSIC [Winston Shrout – Solutions in Commerce] seminar disks and timestamps." *Id*.

Two days later, on May 5, the government produced "a DVD containing select video clips and an accompanying video clip matrix." Letter dated May 5, 2016, at 1. "The video clips are taken from a selection of seminars [Mr. Shrout] presented over the past several years." *Id*. "The accompanying matrix is a guide to what the final video clips will contain and where the clips originated." *Id*.

The government produced its most recent discovery one week ago, on May 12. It produced another "two memoranda from recent phone interviews conducted with individuals associated with [this case]." E-mail dated May 12, 2016.

To summarize, thus far, the government has produced more than 16,200 pages of discovery. Those materials are distributed across 17 separate disks. It also has produced additional discovery on two computer hard drives. One hard drive contains forensic images of nine (9) separate computers, or a total of 1.81 terabytes of data. The second hard drive contains a subset of data from the first hard drive, or a total of 800 gigabytes

of data.[5]  The government also has produced more than 65 hours of video and audio tape material.

One week ago, on May 12, the Court granted the government's formal motion for reciprocal discovery.  CR 43 and 46.  Mr. Shrout has not produced any discovery to the government yet.

## MOTION

A continuance of the current trial date for approximately 120 days (*i.e.*, until October 11, 2016) is required to provide Mr. Shrout and his advisory counsel sufficient time to complete their independent review of discovery.  By itself, the sheer volume of the discovery material produced to date by the government justifies a continuance.  The nature of the material, as well as the manner by which it has been produced (*i.e.*, electronic format), also supports a continuance.  A substantial amount of time and resources are required so that Mr. Shrout and his advisory counsel may search, review, extract, organize, and analyze the most relevant material that is currently buried electronically within the mass of information that continues to be produced.

---

[5] Regrettably, the second hard drive is not organized in any particular manner.  All 800 gigabytes of data are located in a single folder.  A search for relevant material will therefore require the expenditure of a substantial amount of time.

**Page 7 - UNOPPOSED MOTION TO CONTINUE TRIAL DATE**

Mr. Shrout and his advisory counsel also require more time so that they may meet to review and discuss the discovery materials and the investigation necessary for his defense.

A continuance is also necessary so that Mr. Shrout and his advisory counsel may conduct independent investigation, including witness interviews and document retrieval; consult and retain expert witnesses; perform legal research; and otherwise prepare for trial.[6]

Finally, Mr. Shrout and his advisory counsel require additional time to complete research into possible defenses, to research and file appropriate legal motions, to engage in potential plea negotiations, and to otherwise prepare for trial.

Advisory counsel has spoken with Mr. Shrout, explained the bases supporting his personal request for a continuance of the current trial date, and the rights he has under the Speedy Trial Act (18 U.S.C. § 3161(h)(7)(A)). Mr. Shrout has personally reviewed and authorized the submission of this motion. He knowingly and voluntarily waives his

---

[6] The Minute Order for the March 31 arraignment indicates that the trial will be a "2-week jury trial." CR 26. That is not accurate. Counsel for the government estimates that the presentation of its case-in-chief will require approximately 2 ½ days.

**Page 8 - UNOPPOSED MOTION TO CONTINUE TRIAL DATE**

rights under the Speedy Trial Act, and respectfully requests that the Court continue his current trial date for approximately 120 days (*i.e.,* until October 11, 2016).

RESPECTFULLY SUBMITTED this 19th day of May, 2016.

/s/ Ruben L. Iñiguez
Ruben L. Iñiguez
Advisory Counsel for *Pro Se* Defendant


By: Winston Shrout
Winston W. Shrout
*Pro Se* Defendant

Page 9 - UNOPPOSED MOTION TO CONTINUE TRIAL DATE