**Ruben L. Iñiguez**
**Assistant Federal Public Defender**
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: ruben_iniguez@fd.org
Advisory Counsel for *Pro Se* Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:15-cr-00438-JO |
| Plaintiff, | **SECOND MOTION TO CONTINUE JURY TRIAL DATE** |
| vs. | |
| **WINSTON SHROUT,** | |
| Defendant. | |

The *pro se* defendant, Winston Shrout, through his advisory counsel, Ruben L. Iñiguez, moves the Court to enter an Order continuing the trial date in the above-captioned case for 120 days (*i.e.*, until February 7, 2017).  A four or five-day jury trial is

currently scheduled to commence next month, on October 11, 2016.[1]  This motion constitutes Mr. Shrout's second request to continue the trial date.  The government, through Tax Division Trial Attorneys Stuart A. Wexler and Ryan R. Raybould, opposes this motion.

## I.   INTRODUCTION

The government filed the 19-count Superseding Indictment less than six months ago.  CR 17.  It alleges that Mr. Shrout committed the 13 felonies charged therein (*i.e.*, fictitious obligations) "[b]eginning in or about February 2008, and continuing through at least June 2015."  CR 17 at ¶ 6.  It also alleges that he committed the six misdemeanors charged therein (*i.e.*, failure to file tax returns) during five consecutive years, that is, 2009 to 2013.  *Id*. at ¶¶ 23-32.

The government thus far has produced more than 16,200 pages of discovery.  Those materials are distributed across 17 separate disks.  It also has produced additional discovery on two computer hard drives.  One hard drive contains forensic images of nine separate computers, or a total of 1.81 terabytes of data.  The second hard drive contains a

---

[1] One of the Minute Orders indicates that the trial will be a "2-week jury trial."  CR 26.  That is not accurate.  Counsel for the government estimates that the presentation of its case-in-chief will require approximately 2 ½ days.

**Page 2 - SECOND MOTION TO CONTINUE JURY TRIAL DATE**

subset of data from the first hard drive, or a total of 800 gigabytes of data.[2]  The government also has produced more than 65 hours of video and audio tape material.

By virtue of an inadvertent error, Mr. Shrout did not receive a majority of the voluminous discovery materials produced by the government until three months ago.  The interests of justice require that Mr. Shrout, who has no prior criminal history, is 68 years old, and is representing himself in this "complex case" (with the assistance of advisory counsel), be afforded additional time so that he may review, analyze, and understand fully the nature and scope of the evidence the government seeks to introduce against him at trial.   Because the charges against Mr. Shrout relate back to events that occurred more than eight years ago, and the government was afforded at least seven years to conduct its investigation and prepare for trial, it is reasonable and just that Mr. Shrout be allowed a few more months so that he may adequately prepare to defend himself at trial.[3]

## II.    PROCEDURAL BACKGROUND

Nine months ago, on December 8, 2015, the government filed an Indictment charging Mr. Shrout with six misdemeanor counts of failure to file tax returns, in

---

[2] The second hard drive is not organized in any particular manner.  All 800 gigabytes of data are located in a single folder.  As a result, Mr. Shrout has had to expend a substantial amount of time attempting to search for relevant materials.

[3] Mr. Shrout recently learned that his significant other will be undergoing surgery to repair nerve damage in St. George, Utah, three days before the current trial date (*i.e.*, on Saturday, October 8, 2016).  He hopes to make arrangements soon to be with her before, during, and after the surgery.

**Page 3 - SECOND MOTION TO CONTINUE JURY TRIAL DATE**

violation of 26 U.S.C. § 7603. CR 1. That same day, the government served Mr. Shrout with a summons directing him to appear in court on January 7, 2016. CR 6.

Mr. Shrout appeared as directed on January 7. CR 8. U.S. Magistrate Judge Acosta appointed "advisory counsel," ordered Mr. Shrout's release on conditions, and scheduled an arraignment before the assigned U.S. District Court Judge on February 3. CR 7-8.

On February 3, Mr. Shrout appeared for arraignment, as directed, before Senior U.S. District Court Judge Robert E. Jones. CR 12. The Court conducted a *Farettta* hearing, found Mr. Shrout competent to waive his right to representation by counsel, and authorized him to "proceed pro se with the Federal Defender present as advisory counsel." *Id*. The Court entered Mr. Shrout's pleas of "not guilty" to the six misdemeanors, scheduled a jury trial, and continued his pretrial release. *Id.*

Six weeks later, however, on March 15, the government filed a Superseding Indictment. CR 17. In addition to the six misdemeanors alleged in the original Indictment, the Superseding Indictment charges Mr. Shrout with 13 felony counts of fictitious obligations, in violation of 18 U.S.C. § 514(a). *Id*. The government later served Mr. Shrout with a summons, directing him to appear for arraignment on March 31. CR 22.

As directed, on March 31, Mr. Shrout appeared for arraignment on the Superseding Indictment. CR 26. At the request of the government (CR 24), the Court

conducted another *Farettta* hearing. *Id*. Again, the Court found Mr. Shrout competent to waive his right to representation by counsel and authorized him to "proceed Pro Se with Assistant Federal Public Defender Ruben L. Iniguez appointed as advisory counsel." *Id*. The Court declared the case "complex," entered Mr. Shrout's pleas of "not guilty" to all 19 counts, scheduled a pretrial conference, and reset the jury trial. *Id*.[4] The Court added special conditions and continued Mr. Shrout's pretrial release. *See* CR 28. Mr. Shrout has remained out of custody and in compliance with all terms and conditions of his pretrial release for the past eight months.

## III.    STATUS OF DISCOVERY.[5]

### A.    Discovery Produced After The Indictment Was Filed.

On February 18, 2016, two weeks after Mr. Shrout was arraigned on the Indictment, the government produced initial discovery. "[T]he discovery encompasses extensive records, much of which is contained on computer hard drives." Letter dated

---

[4] The Speedy Trial Act excludes delays resulting from a continuance when the court finds that the "ends of justice served by taking [that] action outweigh the ... interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Among the factors a court must consider in deciding whether to grant a continuance under this section are: "Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

[5] Prior to its production of any discovery, the government filed a motion for an Order to: (1) authorize the disclosure of (a) taxpayer returns and return information and (b) transcripts of witness testimony and documents obtained by federal grand jury subpoenas; and (2) prevent the dissemination or misuse of discovery material containing sensitive information. CR 14. The Court granted the motion. It entered the Order on February 10, 2016. CR 15.

**Page 5 - SECOND MOTION TO CONTINUE JURY TRIAL DATE**

February 8, 2016, at 1.[6]  The government's initial production included three separate CD-ROM disks.  The first disk "contains [digital bank] records obtained from Wells Fargo Bank in response to a subpoena."  Letter dated February 18, 2016.  The second "contains various items of evidence gathered during the course of the government's investigation."  *Id*.  The third "contains scanned copies of records that were seized during the execution of a search warrant . . . [over four years ago] in June, 2012."  *Id*.  The government also produced an index to the documents.

That same day, February 18, advisory counsel forwarded a blank, 2-terabyte (2 TB) capacity hard drive to the government.  The government requested the blank storage device so that it could produce copies of the "approximately 1.5 TB of additional digital material associated with the investigation of this case."  Letter dated February 8, 2016, at 2.  "The material originates from nine (9) computer hard drives that were seized . . . [over four years ago] in June, 2012, pursuant to a search warrant…."  *Id*. at 2-3.

On February 29, the government returned the 2 TB hard drive to advisory counsel.  The hard drive now contains "mirror images" of the nine computer hard drives seized by the government in June 2012.  Letter dated February 29, 2016, at 1.

---

[6] The government "digitized approximately 12,000 pages of documents related to this case."  Letter dated February 8, 2016, at 2.  "Scanned images of those documents have been imported into an e-discovery software package called iPro; each page has been assigned a Bates number.  There are two iPro databases covering the approximately 12,000 total pages."  *Id*.  The two databases were then published to separate DVDs.

**Page 6 - SECOND MOTION TO CONTINUE JURY TRIAL DATE**

Three days later, the government forwarded its "third production of discovery." Letter dated March 3, 2016, at 1. That disk "contains an updated iPro database that includes both the material disclosed on February 19, as well as new, additional items." *Id*. The government also produced an index indicating "what material is new." *Id*.[7]

### B.     Discovery Produced After The Return Of The Superseding Indictment.

On April 8, three weeks after Mr. Shrout was arraigned on the Superseding Indictment, the government forwarded its "fourth production of discovery." Letter dated April 8, 2016, at 1. "The material includes nine [more] disks." *Id*. "The disks contain audio and video files taken as part of a[n] … investigation conducted [seven years ago] in 2009 and an … investigation conducted [four years ago] in 2012." *Id*.[8]

On May 3, the government forwarded its "fifth production of discovery." Letter dated May 3, 2016, at 1. That disk "contains four separate documents: a Memorandum of Interview related to the [recent] interview of [a witness] …; an audio file with

---

[7] Prior to March 3, the government had been sending discovery directly to Mr. Shrout at his email address wshrout@infowest.com. That day, however, the government received a delivery failure message which stated that the "recipient's mailbox is full and can't accept messages now." E-mail dated March 3, 2016. The government contacted advisory counsel and requested that he "contact [Mr. Shrout] and determine whether we should continue emailing him at his wshrout@infowest.com address or at a different email address." *Id*. The next day, March 4, after contacting Mr. Shrout, as requested, advisory counsel forwarded to the government the "new email address created [by Mr. Shrout] for the purpose of communications relative to his federal case." *Id*. The new email address was millieannjones@gmail.com.

[8] That same day, April 8, "in an attempt to narrow the field of view … in light of the significant amount of material disclosed … in discovery," the government produced one additional disk containing "some key documents" that are "solely focused on the [fictitious obligation] charges." E-mail dated April 8, 2016. The government acknowledged that while "these documents will be part of the government's evidence at trial, [they] certainly do not represent the limit of the government's evidence." *Id*.

**Page 7 - SECOND MOTION TO CONTINUE JURY TRIAL DATE**

accompanying certified transcription related to a [recent] podcast …; and a table showing a list of WSSIC [Winston Shrout – Solutions in Commerce] seminar disks and timestamps." *Id*.

Two days later, the government produced "a DVD containing select video clips and an accompanying video clip matrix." Letter dated May 5, 2016, at 1. "The video clips are taken from a selection of seminars [Mr. Shrout] presented over the past several years." *Id*. "The accompanying matrix is a guide to what the final video clips will contain and where the clips originated." *Id*.

One week later, the government produced another "two memoranda from recent phone interviews conducted with individuals associated with [this case]." E-mail dated May 12, 2016.

On May 19, Mr. Shrout filed his first motion to continue the jury trial date. CR 53. The government did not oppose the motion. *Id*. On May 20, the Court granted the motion and rescheduled the trial for October 11, 2016. CR 54. The Court instructed the parties "to notify the court by 9/26/2016 as to whether or not this case is expected to go to trial." *Id*.

    **C.**    **The Parties Learn That Mr. Shrout Did Not Receive Any Of The Discovery Materials Emailed By The Government After March 3.**

On May 20, one of the government's attorneys forwarded to advisory counsel an email message received from a third party, Millie Jones. Ms. Jones sent the message from

**Page 8 - SECOND MOTION TO CONTINUE JURY TRIAL DATE**

her email address, millieannjones@gmail.com. The email states: "Please remove me from these emails. You seem to have the wrong email address." Email dated May 20, 2016.

Advisory counsel promptly contacted Mr. Shrout by telephone. He learned that the email address both counsel had been using to communicate with Mr. Shrout since March 4 was incorrect. The correct address was milieannjones@gmail.com, not millieannjones@gmail.com.[9] Advisory counsel immediately forwarded Mr. Shrout's correct email address to the government.

On June 10, the government mailed Mr. Shrout "a binder containing all e-mail correspondence [and attachments] that the government previously sent to the [incorrect email] address millieannjones@gmail.com." Letter dated June 10, 2016. "Since previous emails were quite large and numerous, the government [took] the liberty of printing them out and mailing them to [Mr. Shrout], rather than resubmitting them to [his] corrected email address." *Id*.

Two weeks ago, on August 25, the government produced its latest batch of discovery materials. It produced a zip file "containing a draft revenue agent report and two draft schedules." Letter dated August 25, 2016.

---

[9] The email address was incorrect in that it included two "l"s in the word millie rather than one "l."

**Page 9 - SECOND MOTION TO CONTINUE JURY TRIAL DATE**

### IV.  MOTION

A continuance of the current trial date for 120 days (*i.e.*, until February 7, 2017) is necessary to provide Mr. Shrout (and his advisory counsel) sufficient time to complete an independent and complete review of all discovery produced to date by the government. In and of itself, the sheer volume of the materials justifies a continuance.  The nature of the material, as well as the manner by which it has been produced (*i.e.*, electronic format), also supports a continuance.  A considerable amount of time and resources are required so that Mr. Shrout (and his advisory counsel) may search, review, extract, organize, and analyze the most relevant material that is currently buried electronically within the mass of information that continues to be produced.

Mr. Shrout also requires more time so that he may meet with advisory counsel not only to discuss the discovery materials, but also to continue the investigation necessary for his defense.  A continuance is necessary so that he may complete independent investigation, including witness interviews and document retrieval, and consult and retain expert witnesses.

Finally, Mr. Shrout requires additional time not only so that he may travel to Utah in October to comfort and care for his significant other before, during, and after surgery, but also so that he (and his advisory counsel) may complete legal research into possible defenses, research and file appropriate legal motions, and otherwise prepare for trial.

Advisory counsel has spoken with Mr. Shrout, explained the bases supporting his personal request for a continuance of the current trial date, and the rights he has under the Speedy Trial Act (18 U.S.C. § 3161(h)(7)(A)). Mr. Shrout has personally reviewed and authorized the submission of this motion. He knowingly and voluntarily waives his rights under the Speedy Trial Act, and requests that the Court continue his current trial date for 120 days (*i.e.*, until February 7, 2017).

RESPECTFULLY SUBMITTED this 8th day of September, 2016.

/s/ Ruben L. Iñiguez
Ruben L. Iñiguez
Advisory Counsel for *Pro Se* Defendant


by Winston Shrout
Winston W. Shrout
*Pro Se* Defendant