**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
District of Oregon
**STUART A. WEXLER**
Trial Attorney, Tax Division
Stuart.A.Wexler@usdoj.gov
**RYAN R. RAYBOULD**
Trial Attorney, Tax Division
Ryan.R.Raybould@usdoj.gov
1000 SW Third Ave, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
Attorneys for United States of America

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No.: 3:15-CR-00438-JO |
| Plaintiff, | GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S SECOND MOTION TO CONTINUE JURY TRIAL DATE |
| v. | |
| **WINSTON SHROUT,** | |
| Defendant. | |

The United States of America, by and through Billy J. Williams, United States Attorney for the District of Oregon, and Stuart A. Wexler and Ryan R. Raybould, Trial Attorneys, Tax Division, hereby submits this Response in Opposition to the defendant's Second Motion to Continue Jury Trial Date (Doc. 56) and respectfully asks the Court to deny the defendant's Motion.

/ /

/ /

I.     BACKGROUND

The defendant was arraigned on the initial indictment in this case on February 8, 2016. The Government provided the defendant with initial discovery in this matter on February 18, 2016. On February 29, the government supplemented discovery with the addition of a "mirror image" of hard drives previously seized from the defendant and an associated business location. On March 3, the government further supplemented its discovery in this matter and provided the defendant with an index to all disclosed material.

On March 31, 2016, the defendant was arraigned on the superseding indictment in this case and trial was set for June 7, 2016. Subsequent to his arraignment, the government further supplemented its discovery in this matter on April 8, May 3, May 5, and May 12. While these subsequent disclosures contained audio and video materials, the vast majority of the documentary evidence against the defendant was provided no later than March 3.

Based on the defendant's unopposed Motion to Continue Jury Trial Date filed on May 19, 2016 (Doc. 53.), the Court continued trial in this matter for approximately four months; trial is now scheduled for October 11, 2016. October 11 will mark approximately 190 days since the defendant was arraigned on the Superseding Indictment and approximately 220 days since the defendant was provided the bulk of discovery in this case.

The defendant filed the instant Second Motion to Continue Jury Trial Date on September 8, 2016, and has requested an additional six months of time to prepare for trial in this matter.

II.    ARGUMENT

The defendant has had sufficient time to prepare for trial in this matter and, in the interest of the public's right to a Speedy Trial, his Motion should be denied.

GOVERNMENT'S RESPONSE
IN OPPOSITION TO DEFENDANT'S
SECOND MOTION TO
CONTINUE JURY TRIAL DATE - 2

While the defendant accurately states the scope of discovery in this case, the vast majority of material was originally in the possession of the defendant and formed the basis for his seminars and other business ventures for at least the last eight years. Any audio or video content provided to the defendant is of the defendant himself talking or presenting. Of the approximately 16,000 pages of material provided to the defendant, 3000 pages relate to bank records of the defendant's own bank accounts and 10,000 relate to digital copies of "legal" treatises the defendant possessed on his computer. The remaining discovery is minimal in comparison. Nevertheless, upon the defendant's urging and the Court's request, the government provided the defendant in April 2016, with a selection of 29 key documents that formed the crux of the government's case. The government also provided the defendant with the "key word" list it used to conduct the initial search of the defendant's computers so that the defendant could readily narrow the scope of his own search. As of October 11, the defendant will have had those key documents and the key word list for at least six months, and the bulk of discovery for longer.

The defendant correctly notes that due to an error in an email address provided to the government, the defendant did not receive emails from the government for a period of months. The defendant is incorrect, however, in attributing any delay in the receipt of discovery to this email address issue. All discovery to the defendant has been provided by FedEx. Initially, the government mailed a copy of discovery to the defendant's homes in *both* Utah and Oregon, as well as provided a copy to standby counsel. Later, the government was informed to only send a copy of discovery to the defendant's Oregon address and to standby counsel. All discovery was provided to the defendant on the dates cited above, well before the email address issue was identified.

GOVERNMENT'S RESPONSE
IN OPPOSITION TO DEFENDANT'S
SECOND MOTION TO
CONTINUE JURY TRIAL DATE - 3

Nevertheless, the government did eventually identify and correct this email error and provided the defendant with prior emails that went to the wrong address. This did constitute a substantial number of pages. The defendant, however, appears focused more on the amount of material provided than on what the material contained. The emails contained copies of past pleadings the government had previously mailed to the defendant, not discovery materials.[1]

Finally, the government is sympathetic to any health issues members of the defendant's family may be dealing with, but the government only first became aware of such an issue through the filing of the defendant's instant Motion; no mention of his spouse's health issues were made to the government in advance. Further, no mention is made in the defendant's Motion as to the nature of the ailment.

The Speedy Trial Act protects *both* the rights of the defendant and *the rights of the public* to a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A) ("Any period of delay resulting from a continuance granted . . . at the request of the defendant . . . on the basis of . . . findings that the ends of justice served by taking such action outweigh the *best interest of the public* and the defendant in a speedy trial." (emphasis added); *Zedner v. United States*, 547 U.S. 489, 500-01 (2006) ("[T]he [Speedy Trial] Act was designed with the public interest firmly in mind.") Therefore, in consideration of the public's right and the arguments above, the government respectfully requests the defendant's Motion be denied.

---

[1] There are two emails that contained non-pleading items. The first, sent April 27, 2016, contained the 29 key documents referenced above. These documents had originally just been included in a FedEx to standby counsel earlier in April. The second, sent on May 12, 2016, contained copies of two memoranda of interview conducted during the government's preparation for trial. It should be noted, however, the Mr. Iniguez was copied on both of those emails and has been copied on all correspondence the government has ever provided to the defendant.

**GOVERNMENT'S RESPONSE
IN OPPOSITION TO DEFENDANT'S
SECOND MOTION TO
CONTINUE JURY TRIAL DATE - 4**

The government further requests a hearing on this matter and, in consideration of government counsel being located in Washington, D.C., respectfully asks for 48 hours advance notice of such hearing.

Dated this 8th day of September 2016.

          Respectfully submitted,

          BILLY J. WILLIAMS
          United States Attorney

          */s/ Stuart A. Wexler*
          STUART A. WEXLER
          RYAN R. RAYBOULD
          Trial Attorneys, Tax Division
          (202) 305-3167

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on September 8, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record for the defendant.  Additionally, a copy of the foregoing was emailed to the defendant at milieannjones@gmail.com.

                                        /s/ *Stuart A. Wexler*
                                        Stuart A. Wexler
                                        Trial Attorney, Tax Division