**Ruben L. Iñiguez**
**Assistant Federal Public Defender**
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: ruben_iniguez@fd.org
Advisory Counsel for *Pro Se* Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:15-cr-00438-JO |
| Plaintiff, | REPLY IN SUPPORT OF SECOND MOTION TO CONTINUE JURY TRIAL DATE |
| vs. | |
| **WINSTON SHROUT,** | |
| Defendant. | |

The *pro se* defendant, Winston Shrout, through his advisory counsel, Ruben L. Iñiguez, submits the following reply in support of his second motion to continue the current trial date.  ECF 56.  By way of his motion, Mr. Shrout is seeking a continuance of the jury trial date for 120 days (*i.e.*, until February 7, 2017).  *Id.*

Page 1 – REPLY IN SUPPORT OF SECOND MOTION TO CONTINUE JURY TRIAL DATE

On September 8, 2016, the government filed a written opposition to Mr. Shrout's motion for a continuance. ECF 57. It asks the Court to deny his request and suggests that a hearing on his motion should be held. *Id*. Mr. Shrout did not request a hearing on his motion, and none is necessary.[1] However, a brief reply to the government's submission is required as it ignores and misstates several undisputed facts:

1.  This Court has rightfully "declare[d] the case Complex." ECF 26.

2.  While the government is represented by not one, but two, seasoned trial attorneys in the U.S. Department of Justice Tax Division, Mr. Shrout is representing himself, with some assistance by advisory counsel. Mr. Shrout has no legal training or experience.

3.  Yesterday, September 8, barely two hours after the government filed its opposition to Mr. Shrout's motion, advisory counsel received via Federal Express yet another batch of discovery from the government. The disk contains more than 114 pages of materials. The government makes no mention of this fact in its written submission to the Court. *See* ECF 57.

4.  The government concedes that Mr. Shrout "accurately states the scope of discovery [it has produced] in this case." ECF at 3. To date, the government has

---

[1] The parties' written submissions are thorough and more than sufficient to allow a ruling on the motion. Additional taxpayer dollars should not be expended for counsel to fly from Washington, D.C., to Portland with "48 hours advance notice" for the purpose of orally presenting arguments which have been fully briefed.

Page 2 – REPLY IN SUPPORT OF SECOND MOTION TO CONTINUE JURY TRIAL DATE

produced: more than 16,300 pages of documents distributed across 18 separate disks; one hard drive containing forensic images of nine separate computers (or a total of 1.81 terabytes of data); another hard drive containing 800 gigabytes of data located in a single, disorganized folder; and more than 65 hours of video and audio tape materials.

5. The government attempts to minimize the tremendous volume of materials confronting Mr. Shrout, claiming he is "focused more on the amount of material provided than on what the material contained." ECF 57 at 4. The government disregards the fact that Mr. Shrout must necessarily review all the materials it has produced in order to determine "what the material contain[s]."

6. Less than six months have elapsed since Mr. Shrout was arraigned on the Superseding Indictment. ECF 26. Prior to the government's filing of the Superseding Indictment, the only charges against Mr. Shrout were misdemeanors. ECF 1. He now faces an additional 13 felonies. ECF 17. The gravity of the new charges make it imperative that he be afforded sufficient time to prepare adequately for trial.

7. The government has had more than eight years to investigate its case and prepare for trial. By contrast, Mr. Shrout has had less than one year to consider the charges, review the voluminous discovery, conduct investigation, and prepare for trial.

8. The government claims Mr. Shrout "has requested an additional six months of time to prepare for trial." ECF at 2. That is not true. Mr. Shrout's motion makes clear he is only requesting a continuance of four months (*i.e.*, 120 days). *See* ECF 56.

9. While it is true that the Speedy Trial Act is intended to protect the rights of both a defendant and the public to a speedy trial, the undisputed facts in this particular case establish that Mr. Shrout's right to due process of law and the ends of justice outweigh the public's rights.

RESPECTFULLY SUBMITTED this 9th day of September, 2016.

/s/ Ruben L. Iñiguez
Ruben L. Iñiguez
Advisory Counsel for *Pro Se* Defendant
