**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
District of Oregon
**STUART A. WEXLER**
Trial Attorney, Tax Division
Stuart.A.Wexler@usdoj.gov
**LEE F. LANGSTON**
Trial Attorney, Tax Division
Lee.F.Langston@usdoj.gov
1000 SW Third Ave, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
Attorneys for United States of America

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No.: 3:15-CR-00438-JO** |
| Plaintiff, | **GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR VINDICTIVE PROSECUTION (DOC. 73)** |
| v. | |
| **WINSTON SHROUT,** | |
| Defendant. | |

COMES NOW, the United States of America, by and through counsel, BILLY J. WILLIAMS, United States Attorney, STUART A. WEXLER, Trial Attorney, United States Department of Justice, Tax Division, and LEE F. LANGSTON, Trial Attorney, United States Department of Justice, Tax Division, and files this response in opposition to Defendant's Motion to Dismiss for Vindictive Prosecution, filed on March 6, 2017, by Ruben L. Iniguez, Advisory

Counsel for *pro se* Defendant Winston Shrout. (Doc. 73).  For reasons stated herein, the Defendant's Motion should be denied.

## I.    FACTUAL BACKGROUND

On December 8, 2015, the Grand Jury returned an indictment charging Defendant Winston Shrout with six misdemeanor counts of willful failure to file a tax return, in violation of 26 U.S.C. § 7203.  (Doc. 1).  These charges alleged that Defendant had earned income in excess of the filing requirement threshold in tax years 2009-2014 and willfully failed to file tax returns for those years.

Defendant made his initial appearance before Magistrate Judge John V. Acosta on January 7, 2016.  Assistant Federal Public Defender Ruben Iniguez appeared on Defendant's behalf since Defendant had not brought counsel to the appearance.  At the hearing, Defendant stated his desire to represent himself and indicated that he was interested in pleading guilty to the Indictment.  (Doc 73-1, pp. 5-6).  Based on Defendant's representations, Judge Acosta set the matter for a status hearing in front of Judge Jones on February 3, 2016.  (Doc 73-1, p. 25). Because Judge Acosta wanted Defendant to have a full opportunity to examine the charges against him, and with the consent of Defendant, entry of a plea and determination of counsel was deferred until the February 3 hearing.  Judge Acosta also stayed discovery until after February 3. (Doc. 73-1, p. 27).

On January 20, 2016, Defendant filed two documents to the record in this case. *See* Doc. 9, 10.  Then again, on February 3, 2016, and in advance of the status conference before Judge Jones, Defendant filed an additional document to the record. *See* Doc. 13.

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**
**FOR VINDICTIVE PROSECUTION (DOC. 73) -** 2

On February 3, 2016, the parties appeared before this Court at the status conference. Defendant reiterated that he wished to represent himself and this Court conducted a *Faretta* inquiry to determine whether Defendant's waiver of counsel was knowing and voluntary. After initially attempting to "plead guilty to the facts," Defendant entered a plea of not guilty and the case was set for trial. (Doc. 73-2, p. 18). During the *Faretta* inquiry, the Court informed Defendant that the documents filed by Defendant prior to the status hearing, including a lien, an invoice, and a liquidation, were "null and void" and "of no legal consequence at all." (Doc 73-2, p. 11).

On the day of the hearing, counsel for the Government, Stuart Wexler, had a conversation with Assistant Federal Public Defendeer Steve Sady, who acted as standby counsel for Defendant during the arraignment before this Court.[1] During that conversation, the Government informed Mr. Sady that the Government was actively pursuing a superseding indictment against Defendant to potentially include multiple counts of 18 U.S.C. § 514. That conversation was memorialized by email the same day. (Doc. 73-3). A superseding indictment was returned on March 15, 2015, alleging an additional thirteen counts of 18 U.S.C. § 514 against Defendant for making, presenting and mailing fictitious obligations. (Doc. 17).

On March 6, 2017, Defendant filed the instant motion to dismiss the counts added by the superseding indictment for vindictive prosecution. (Doc.73). In summary, Defendant alleges that the superseding indictment creates an appearance of vindictiveness because the charges alleged in the superseding indictment are more severe than the charges in the original indictment and there is a reasonable likelihood that the superseding indictment was motivated by

---

[1]    Mr. Sady appeared on behalf of Mr. Iniguez, who was unable to appear at the February 3 arraignment.

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**
**FOR VINDICTIVE PROSECUTION (DOC. 73) -** 3

Defendant's decision to choose to represent himself and file *pro se* pleadings.  (Doc. 73, pp. 11-12).

## II.    LEGAL STANDARD

The Due Process Clause of the Fifth Amendment Prohibits a prosecutor from vindictively prosecuting a defendant for the defendant's exercise of a statutory, procedural, or other protected right.  *Blackledge v. Perry*, 417 U.S. 21, 27 (1974).  A prosecutor violates Due Process when he seeks additional charges solely to punish a defendant for exercising a protected right.  *United States v. Kent*, 649 F.3d 906, 912 (9th Cir. 2011).  The Supreme Court, however, has held that "exceptionally clear proof" is required before a court may infer an abuse of prosecutorial discretion.  *McCleskey v. Kemp*, 481 U.S. 279, 297 (1987).  Because courts ordinarily presume that public officials have properly discharged their official duties, a defendant who contends that a prosecutor made a charging decision in violation of a defendant's rights has a demanding standard of proof.  *Nunes v. Ramirez-Palmer*, 485 F.3d 432, 441 (9th Cir. 2007).

To establish a *prima facie* case for vindictive prosecution a defendant must establish either (1) direct evidence of the prosecutor's punitive motivation or (2) facts and circumstances that establish a reasonable likelihood of vindictiveness.  *Kent*, 649 F.3d at 912.  A defendant may establish prosecutorial vindictiveness by producing *direct* evidence of the prosecutor's punitive motivation toward him.  *United States v. Jenkins*, 504 F.3d 694, 699 (9th Cir. 2007).  Alternatively, a defendant is entitled to a presumption of vindictiveness if he can show that charges were filed because he exercised a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness.  *Id.*  "[T]he appearance of vindictiveness results only where, as a practical matter, there is a realistic or reasonable

likelihood of prosecutorial conduct that would not have occurred but for hostility or a punitive animus towards the [d]efendant because he has exercised his specific legal rights." *Id.* at 700.

Once a presumption of vindictiveness arises, the burden shifts to the prosecution to show that "independent reasons or intervening circumstances dispel the appearance of vindictiveness and justify its decisions." *United States v. Hooton*, 662 F.2d 628, 634 (9th Cir. 1981), *cert. denied*, 445 U.S. 10004 (1982).

## III.    ARGUMENT

a.    The Defendant Has Not Established Circumstances that Give Rise to an Appearance of Vindictiveness.

Defendant's Motion does not lay out sufficient facts to give rise to an appearance of vindictiveness. Defendant's argument is, in essence, *post hoc ergo propter hoc*: Defendant chose to represent himself, plead not guilty, and make *pro se* filings; subsequently, the Government sought a superseding indictment; therefore, the superseding indictment was motivated by Defendant's exercise of those rights. This argument, without more, does not establish a *prima facie* case of vindictive prosecution.

"Departures from the initial indictment do not raise presumptions of vindictiveness except in a rare case." *United States v. Gallegos-Curiel*, 681 F.2d 1164, 1170 (9th Cir. 1982). "[T]he appearance of vindictiveness results only where, as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or a punitive animus towards the defendant because he has exercised his specific legal rights." *Id.* at 1169 (*citing United States v. Goodwin*, 102 S. Ct. 2485, 2488 (1982)). Courts recognize that, especially in the pretrial context, prosecutors should remain free to exercise their discretion

to shape charges based on evolving understanding of the evidence.  *See United States v. Kent*, 649 F.3d 906, 915 (9th Cir. 2011); *United States v. Gamez-Orduno*, 235 F.3d 453, 463 (9th Cir. 2000); *United States v. Austin*, 902 F.2d 743, 745 (9th Cir. 1990).

Defendant's minimal factual showing does not establish a reasonable likelihood that the Government sought the superseding indictment to retaliate against Defendant's exercise of protected rights.  At the time the Government informed standby counsel that it was considering additional charges, the case had barely begun.  Defendant had pleaded not guilty, sought to represent himself, and filed a small number of *pro se* motions.

Defendant's motion contains no allegations as to why the Government would be motivated to seek additional charges to punish Defendant for such conduct.  Defendant's decision to represent himself imposes no additional burden on the prosecution nor does the filing of motions that are, in the words of the Court, "of no legal consequence at all."  Defendant's motion is devoid of any mention of threats or harassment from the Government designed to discourage Defendant from representing himself.  Further, if the bringing of additional charges after a not guilty plea were sufficient to establish a presumption of vindictiveness, the test would lose all meaning and the prosecution would always be required to justify its decision to seek a subsequent indictment.  Such a requirement ignores the warning in *Goodwin* that "[t]o presume that every case is complete at the time an initial charge is filed . . . is to presume that every prosecutor is infallible–an assumption that would ignore the practical restraints imposed by often limited prosecutorial resources."  *Goodwin*, 457 U.S. at 382.

/ /

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**
**FOR VINDICTIVE PROSECUTION (DOC. 73) -** 6

b.  <u>There are Intervening Circumstances that Justify Seeking the Superseding Indictment Irrespective of Any Presumption of Vindictiveness</u>.

In addition to not establishing circumstances that give rise to an appearance of vindictiveness, Defendant's Motion ignores independent reasons and intervening facts and circumstances that resulted in the superseding charges.

First, as Defendant is well aware, the Government has been investigating Defendant for potential violations of 18 U.S.C. § 514 since at least June 2012.  In that month, Defendant was personally served with a search warrant issued by the District of Oregon.  The Affidavit in Support of that search warrant, completed by IRS Special Agent Casey Hill, establishes probable cause that Defendant acted in violation of 18 U.S.C. § 514.  Defendant has been in possession of a copy of this Affidavit through discovery material provided in this case; the Affidavit is Bates stamped MIS-SRW-03-000001, *et. seq.*[2]

Second, the Government's discovery of an important piece of evidence at around the time of the initial indictment prompted the Government to revisit its case against Defendant for violations of 18 U.S.C. § 514.  On June 9, 2015, Defendant mailed to the United States Treasury the fictitious obligation charged in Counts 10 and 13 of the Superseding Indictment. *See* Doc. 17. While Defendant mailed the document well in advance of the initial indictment in this case, the prosecution team did not become aware of its existence until approximately December 4, 2015, just two business days prior to the indictment date of December 8, 2015.  Further, only IRS Special Agent Casey Hill was aware of the existence of the document on December 4; the prosecutors in this case were not aware of the document until Special Agent Hill showed it to them in person on December 7, one day prior to the indictment.  Special Agent Hill later

---

[2]    Out of an abundance of caution, the Government is not attaching a copy of the Affidavit to this pleading.  A copy can be provided to the Court for review, however, upon request.

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**
**FOR VINDICTIVE PROSECUTION (DOC. 73) -** 7

digitized the document and emailed it to attorneys for the Government on Dec. 10, two days *after* the initial indictment in this case.[3]  The timing of the receipt and examination of this document precluded the Government from including the superseding felony charges in the initial indictment.  Its receipt, however, prompted the Government to take additional investigative steps and ultimately lead, in part, to the charges alleged in the superseding indictment.

The Government had been in possession of this document and had been refocused on its investigation for several weeks prior to February 3 arraignment.  By this time, the Government believed superseding charges were likely and, out of courtesy to counsel and Defendant, the Government alerted counsel to this fact after the arraignment.  The Government does not specifically recall what subpoenas it was referring to in its conversation and subsequent email with counsel, but Government records indicate two subpoenas were issued by the Grand Jury in this matter in late-February/early-March, 2015.  It is likely that the Government, in its conversation with counsel, was either alluding to these subpoenas or to subpoenas that were contemplated by not ultimately issued; all other subpoenas had been returned to the Grand Jury prior to February 3.  Both of the subpoenas that were issued in February/March, however, proved unresponsive: neither party possessed any material relevant to the investigation.

Regardless of whether the subpoenas referenced by the Government in its conversation with counsel existed or not, Defendant fails to demonstrate why the Government making this assertion is proof of vindictiveness.  If anything, it demonstrates the Government was actively furthering an investigation into Defendant, in a meaningful and planned manner, which had existed since at least 2012.

---

[3]    At counsel's request, a copy of this email was provided to counsel and Defendant on March 1, 2017, several days prior to the filing of the instant Motion to Dismiss.

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**
**FOR VINDICTIVE PROSECUTION (DOC. 73) -** 8

IV.    **CONCLUSION**

Defendant has not sustained his burden of demonstrating that the Superseding Indictment is the result of vindictive prosecution.  Defendant has not made the requisite showing of facts and circumstances that create a presumption of vindictiveness and, irrespective of Defendant's allegations, there are sufficient intervening facts to justify the seeking of a Superseding Indictment.  For these reasons, the United States respectfully submits that the Court should deny Defendant's Motion to Dismiss for Vindictive Prosecution.

Dated this the 17th day of March, 2017.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*/s/Stuart A. Wexler*
STUART A. WEXLER
LEE F. LANGSTON
Trial Attorneys, Tax Division
(202) 305-3167

**GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
FOR VINDICTIVE PROSECUTION (DOC. 73) -** 9

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 17, 2017, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system, which will send notification of such filing to

the attorney(s) of record for the defendant. Additionally, a copy of the foregoing was emailed to

the defendant at milieannjones@gmail.com.


/s/ *Stuart A. Wexler*
Stuart A. Wexler
Trial Attorney, Tax Division