IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 3:15-cr-00438-JO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WINSTON SHROUT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's Motion to Dismiss for Vindictive Prosecution

[#73].  On December 8, 2015, the Grand Jury returned an indictment charging defendant with six

misdemeanor counts of willful failure to file tax returns in violation of 26 U.S.C. § 7203. [#1] On

March 15, 2016, the Grand Jury returned a superseding indictment charging him additionally with

13 felony counts of issuing fictitious obligations in violation of 18 U.S.C. § 541. [#17] Defendant

contends the superseding indictment appears to be a vindictive response to his decision to proceed

without counsel and to file *pro se* documents.  The motion is DENIED.

## STANDARDS

The Due Process Clause of the Fifth Amendment prohibits a prosecutor from vindictively

prosecuting a defendant to punish the defendant's exercise of a protected right. *Blackledge v. Perry*,

417 U.S. 21, 27 (1974); *United States v. Kent*, 649 F.3d 906, 912 (9th Cir. 2011).  To establish a

1      ORDER

*prima facie* case of vindictive prosecution, a defendant must show either direct evidence of the prosecutor's actual vindictive motive to punish him for exercising a protected right or evidence of circumstances that give rise to an appearance that charges were vindictively filed. *United States v. Jenkins*, 504 F.3d 694, 699 (9th Cir. 2007); *United States v. Edmonds*, 103 F.3d 822, 826 (9th Cir. 1996).

An appearance of vindictiveness results when there is a realistic or reasonable likelihood that the prosecutor pursued additional charges only because of hostility or a punitive animus toward the defendant because he exercised a legal right. *Jenkins*, 504 F.3d at 700. If the defendant establishes the appearance of vindictiveness, he is entitled to a presumption which the prosecution must rebut by showing "independent reasons or intervening circumstances dispel the appearance of vindictiveness and justify its decisions." *United States v. Hooton,* 662 F.2d 628, 634 (9th Cir. 1981).

## DISCUSSION

In determining whether the circumstances warrant a presumption of vindictiveness, courts must analyze the timing of the superseding indictment and the nature of the right which the defendant exercised. *United States v. Gallegos-Curiel*, 681 F.2d 1164, 1168 (9th Cir. 1982) citing *United States v. Goodwin*, 457 U.S. 368, 381-82 (1982).

Here the initial indictment was returned while the prosecution was engaged in an ongoing long term investigation of defendant's activities. The superseding indictment also came during pretrial proceedings, while the prosecution was preparing a complex case for trial and before the defendant filed routine pretrial motions. The only matters before the court had been a status conference and *Faretta* hearing. At this early stage of the proceedings it is reasonably likely that, before seeking the superseding indictment, the prosecution had not fully discovered and assessed all

2    ORDER

of the information against the defendant and made a final determination, based on that information, of the extent to which he should be prosecuted. In addition, before trial defendants routinely exercise rights by filing motions to suppress, challenging the indictment, seeking discovery, asking for a trial by jury and so forth. It is not realistic to assume that prosecutors who routinely face these burdens would respond vindictively to defendant's pretrial decision to proceed *pro se* in this case. Thus the timing of the superseding indictment suggests that a presumption of vindictiveness is not warranted. *Goodwin*, 457 U.S. at 381; *Gallegos-Curiel*, 681 F.2d 1168.

The nature of the right defendant asserted also does not warrant a presumption of vindictiveness. Defendant asks the court to conclude that the prosecution modified the charges against him to punish him for representing himself and filing frivolous documents. Neither his exercise of the right to self representation nor his filing of frivolous documents imposes additional burdens on the prosecution to prove its case. Under these circumstances, I find it unlikely the prosecutor would have a punitive animus toward defendant for exercising the rights he asserted.

I find that the rights exercised here and the circumstances defendant identified fail to present a realistic likelihood of vindictiveness or raise a threshold appearance of vindictiveness sufficient to trigger further inquiry into the prosecutor's actual motives in seeking the superseding indictment. Accordingly, the motion [#73] is DENIED.

IT IS SO ORDERED.

DATED this 31st day of March, 2017.

Robert E. Jones
United States District Judge

3       ORDER