**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
District of Oregon
**STUART A. WEXLER**
Trial Attorney, Tax Division
Stuart.A.Wexler@usdoj.gov
**LEE F. LANGSTON**
Trial Attorney, Tax Division
Lee.F.Langston@usdoj.gov
1000 SW Third Ave, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
Attorneys for United States of America

## UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No.: 3:15-CR-00438-JO |
| Plaintiff, | GOVERNMENT'S MEMORANDUM ON *MENS REA* AND AVAILABILITY OF "GOOD FAITH" DEFENSE |
| v. | |
| **WINSTON SHROUT,** | |
| Defendant. | |

The United States of America, by and through Billy J. Williams, United States Attorney for the District of Oregon, and Stuart A. Wexler and Lee F. Langston, Trial Attorneys, Tax Division, respectfully submits this Memorandum, at the request of the Court, concerning the proper *mens rea* to be applied to the statutes at issue in this case and the availability of a good faith defense.

/ /

/ /

**BACKGROUND**

The defendant is charged in this case with thirteen counts of fictitious obligations, in violation of 18 U.S.C. § 514, and six counts of willful failure to file a tax return, in violation of 26 U.S.C. § 7203. The government briefed the law concerning these two statutes in its Trial Brief. *See* Doc. 87. The government also proposed jury instructions concerning these two statutes. *See* Doc. 82 at 26-30.

During the final pre-trial conference in this matter, the Court raised the possibility of the defendant entering certain pieces of evidence that would speak to a purported "good faith" defense. Government counsel and the Court then engaged in a discussion concerning the proper *mens rea* at issue in this case and the availability of such a defense to certain charges. The crux of the discussion was whether and to what extent the *mens rea* of "willfully" – an essential element to § 7203 – should be imputed to § 514, where it does not otherwise exist. In addition, if "willfully" were to be imputed, what would the proper definition be for § 514: the same definition as that of § 7203, or a different definition? Finally, regardless of whether "willfully" should be imputed to § 514 or not, is a "good faith belief" defense available to charges of 18 U.S.C. § 514? To help frame the issue, the Court requested the government file this Memorandum outlining the relevant law.

**26 U.S.C. 7203**

The proper starting point for this discussion is with willful failure to file under 26 U.S.C. § 7203. The language of that statute reads in pertinent part:

> Any person required under this title . . . or by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to . . . make such

> return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor . . .

As can be seen above, the term "willfully" is present in the statute and, therefore, an essential element of the crime. In the criminal tax context, willfully has been defined as the "voluntary, intentional violation of a known legal duty." *Cheek v. United States*, 498 U.S. 192, 201 (1991); *United States v. Powell*, 955 F.2d 1206, 1210 (9th Cir. 1992). See also 9.42 <u>Pattern Jury Instructions, Criminal Cases</u>, Ninth Circuit (2011) ("In order to prove that the defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on him, and the defendant intentionally and voluntarily violated that duty.") In establishing this definition of "willfully" in the criminal tax context, the *Cheek* Court first acknowledged that the general rule that "ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system." *Cheek*, 498 at 199. Nevertheless, the *Cheek* Court acknowledged that due to the complexity of the tax laws, an exception should be carved out of the traditional rule. *Id*. at 200.

Once it carved out this exception for tax crimes, *Cheek* established an available "good-faith" defense to tax crimes where "willfulness" is an essential element. *Cheek* held that a "defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good-faith belief that he was not violating any of the provisions of the tax laws" can negate willfulness in this context. *Id.* at 201-202. The *Cheek* Court clarified, however, that claims that "some provisions of the tax code are unconstitutional" are of a different order. *Id.* at 206. Such claims "reveal full knowledge of the provisions at issue and a studied conclusion,

however wrong, that those provisions are invalid and unenforceable." *Id.* As such, they constitute mere disagreement with the law, which is not a defense. *Id*. at 202-206.

The Ninth Circuit has extended *Cheek* into other areas of the law. *See, e.g. United States v. Liu*, 731 F.3d 982, 990 (9th Cir. 2013) (applying the *Cheek* standard to criminal copyright infringement under 17 U.S.C. § 506(a)). The Ninth Circuit, however, has also stated that the term "willful" is a word of "many meanings" and "'its construction [is] often . . . influenced by its context.'" 5.5 <u>Pattern Jury Instructions, Criminal Cases</u>, Ninth Circuit (2011). (*citing Ratzlaf v. United States*, 510 U.S. 135, 141 (1994)). "Accordingly, Ninth Circuit cases have defined "willful" in different terms depending on the crime charged." *See* 5.5 <u>Pattern Jury Instructions, Criminal Cases</u>, Ninth Circuit (2011) (internal citations omitted).

### **18 U.S.C. § 514**

Whereas the term "willfully" exists in the statutory language of 26 U.S.C. § 7203, it is absent in the language of 18 U.S.C. § 514. The text of that statute reads in pertinent part:

> **(a)** Whoever, with the intent to defraud—
>
> **(1)** draws, prints, processes, produces, publishes, or otherwise makes, or attempts or causes the same, within the United States;
>
> **(2)** passes, utters, presents, offers, brokers, issues, sells, or attempts or causes the same, or with like intent possesses, within the United States; or
>
> **(3)** utilizes interstate or foreign commerce, including the use of the mails or wire, radio, or other electronic communication, to transmit, transport, ship, move, transfer, or attempts or causes the same, to, from, or through the United States,
>
> any false or fictitious instrument, document, or other item appearing, representing, purporting, or contriving through scheme or artifice, to be an actual security or other financial instrument

>issued under the authority of the United States, a foreign government, a State or other political subdivision of the United States, or an organization, shall be guilty of a class B felony.

Instead of "willfully," § 514 establishes a *mens rea* of "intent to defraud" and, as result, that is an essential element of the statute. Courts have specifically declined to impute an "ignorance of the law" defense into statutes with an "intent to defraud" element. *See, e.g., United States v. Blagojevich*, 794 F.2d 729, 739 (7th Cir. 2015)

>("[M]istake of law is not a defense [to a wire fraud charge]. The wire-fraud statute requires a specific intent to defraud but not willfulness or any other proxy for knowledge of the law. To the extent that Blagojevich may think that a need to show intent to defraud is the same as a need to show knowledge about what the law requires, [he is mistaken] . . . .").

While not specifically addressing a statute that required an "intent to defraud," the Ninth Circuit addressed the applicability of a "mistake of law" defense in *United States v. Fierros*, 692 F.2d 1291 (9th Cir. 1982).

Like *Cheek*, the *Fierros* Court began with the proposition that "[a] moment's thought is enough to refute the general proposition that ignorance of the law is a proper defense to any crime requiring specific intent." *Id*. at 1294. The *Fierros* Court recognized only two narrow exceptions to this general rule. The first applies in situations where the defense relies on "a mixed mistake of fact and law." *United States v. Smith-Balthier*, 424 F.3d 913, 924 (9th Cir. 2005); *Fierros*, 692 F.2d at 1294 (describing the first exception as one where "the defendant is ignorant of an independently determined legal status or condition that is one of the operative facts of the crime"). "In such a case, the mistake of the law is for practical purposes a mistake of fact." *Id*. (citations omitted). Thus, under this exception, a mistake-of-law defense is available to

a defendant charged with embezzlement who believed the person from whom he bought the property was legally authorized to sell it. *Fierros*, 692 F.2d at 1294. It is also available to a defendant charged with illegal reentry who believed he was a citizen and therefore did not need the Attorney General's permission before attempting reentry. *See United States v. Smith-Balthier*, 424 F.3d 913, 925 (9th Cir. 2005). In essence, in these situations, the defendant's argument is a factual one regarding an element of the crime charged: that he did not possess the requisite intent because of some mistake of fact that would have negated the law. *See generally Morissette v. United States*, 342 U.S. 246 (1952) (holding that intent, just as any other element of a crime, is a factual question).

Accordingly, the defendant in this case, for example, has some latitude to argue that he lacked the intent to defraud because he believed, in good faith, certain specific and discrete facts he entered on fictitious instruments were lawful, i.e., that he was "ignorant of an independently determined legal status or condition." *Fierros*, 692 F.2d at 1294. For example, the defendant could argue that, because of a good-faith mistake, he believed he did in fact have the authority to compel the United States to issue trillions of dollars. However, the defendant may not argue that he lacked the intent to defraud simply because he did not know what the law was or believed the law allowed him to make, present, or mail items that he knew were in fact fictitious financial instruments. To do so would go well beyond the narrow scope of the "mixed mistake of fact and law" exception.

The Ninth Circuit indirectly addressed this "mixed mistake of fact and law" exception in *United States v. Molinaro*, 11 F.3 853 (9th Cir. 1993). In that case, the defendant was charged

with bank fraud, in violation of 18 U.S.C. § 1344.  The *Molinaro* Court upheld a good faith instruction that read, in pertinent part:

> "You may determine whether a defendant had an honest, good faith belief in the truth of the specific misrepresentations alleged in the indictment in determining whether or not the defendant acted with intent to defraud."

*Id*. at 863 ("[A]n honest, good-faith belief in the truth of the misrepresentations may negate intent to defraud. . . .") (*citing United States v. Benny*, 786 F.2d 1410, 1417 (9th Cir. 1986).  The Ninth Circuit cites *Molinaro* in the Comment to its model jury instruction for "intent to defraud," suggesting this instruction is appropriate where the defendant is charged with an intent to defraud but argues a good-faith defense.  *See* 3.16 Pattern Jury Instructions, Criminal Cases, Ninth Circuit (2011).  The bank fraud statute in *Molinaro* is very similar to the § 514 statute at issue in this case and both statutes require an intent to defraud.  It would be proper, therefore, for this Court to instruct the jury consistent with *Molinaro* regarding a possible good-faith defense to Section 514.

The second exception recognized by the *Fierros* Court applies in cases involving "prosecution under complex regulatory schemes that have the potential of snaring unwitting violators." *Fierros*, 692 F.2d at 1295. This exception is very limited and is essentially the *Cheek* exception discussed above.  However, the fictitious obligations statute is not a tax statute and does not speak in terms of "willfulness." While the Ninth Circuit does not have a model jury instruction for 18 U.S.C. § 514, the Ninth Circuit's Model Jury Instructions do clearly reflect that the *mens rea* requirement for "intent to defraud" statutes is different than that for tax offenses. For example, whereas the government's burden in a wire fraud case is to prove that "the

defendant acted with the intent to defraud," in a tax case, it is to prove "that the defendant knew federal tax law imposed a duty on [him] [her], and the defendant intentionally and voluntarily violated that duty." Model Crim. Jury Instr. 9th Cir. 8.121 and 9.42. (2010); *cf. Blagojevich,* 794 F.3d at 738–39

> ("The argument for a good-faith instruction relies principally on *Cheek v. United States*, 498 U.S. 192, . . . (1991), but that's a different kettle of fish. The Justices read the word "willfully" in a particular tax law to require proof that the accused knew the law, which the Justices saw as technical and beyond the ken of many taxpayers. The word 'willfully' does not appear [in the wire fraud statute, 18 U.S.C. § 1343].")

Accordingly, the *Fierros* Court's exception for cases involving "prosecution under complex regulatory schemes that have the potential of snaring unwitting violators" is inapposite where, as here, the defendant is charged with making, presenting, and mailing fictitious financial instruments.

### Conclusion

Ninth Circuit case law, as discussed above, clearly delineates between "willfully" in the tax context as compared to other, less complex statutes. While not necessarily addressing whether the term "willfully" should be imputed into statutes where it does not otherwise exist, the Ninth Circuit has specifically declined to impute the higher, *Cheek* standard of willfulness into those statutes. Section 514 is not overly complex. It is very similar to the statute for wire fraud, a statute into which the Ninth Circuit, in its Model Jury Instructions, has chosen not to impute the term "willfully." Therefore, the Ninth Circuit model instruction on "willfulness," proposed by the government as Government's Requested Instruction No. 21, should only apply

to Counts 14 through 19 (willful failure to file). *See* Doc. 82-1 at 30.  The jury instruction for Section 514 should only contain definitions related to terms present in that statute.

As noted above, however, the defendant may have a good faith defense to Section 514 under a "mixed mistake of fact and law" argument.  Nevertheless, the defendant should not be entitled to the same "good faith" instruction that the Ninth Circuit has set aside for tax willfulness, which is a broader exception that encompasses ignorance of the law.  Instead, the defendant should be given a good-faith instruction related to § 514 similar to that in *Molinaro*, which is narrower and does not encompass ignorance of the law.  The dilemma for the Court and the parties, to the extent that one exists, is the best way to provide these differing standards of "good faith" to the jury without creating undue confusion.

The government believes the proper approach is to create four separate and clear instructions that separately address the statutory language and definitions relevant to the charges at issue in this case.  The government will submit, therefore, revised proposed instructions for Section 514 and its definitions, and Section 7203 and its definitions.

Dated this 14th day of April, 2017.

                                                                     Respectfully submitted,

                                                                     BILLY J. WILLIAMS
                                                                     United States Attorney


                                                                     */s/ Stuart A. Wexler*
                                                                     STUART A. WEXLER
                                                                     LEE F. LANGSTON
                                                                     Trial Attorneys, Tax Division
                                                                     (202) 305-3167

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on April 14, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record for the defendant. Additionally, a copy of the foregoing was emailed to the defendant at milieannjones@gmail.com.

                                      /s/ *Stuart A. Wexler*
                                      STUART A. WEXLER
                                      Trial Attorney, Tax Division