**Ruben L. Iñiguez**
**Assistant Federal Public Defender**
**101 SW Main Street, Suite 1700**
**Portland, OR 97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**
**Email: ruben_iniguez@fd.org**
**Advisory Counsel for *Pro Se* Defendant**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**WINSTON SHROUT,**

**Defendant.**

**Case No. 3:15-cr-00438-JO**

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

The *pro se* defendant, Winston Shrout, through advisory counsel, Ruben L. Iñiguez, submits his proposed instructions, attached below, to be given to the jury in the trial for this matter.

On April 13, 2017, advisory counsel met and conferred with counsel for the government concerning the proposed jury instructions. Mr. Shrout attended by

telephone. The parties agreed to recommend that the Court adopt Defendant's Requested Instructions 1, 4, and 5, as set forth below. The parties also agreed to recommend that the Court adopt Government's Requested Instructions 1-27 [ECF 82], as revised by agreement, and now jointly proposed by the parties.[1]

The parties were unable to reach an agreement with respect to Defendant's Requested Instructions 2, 3, and 6, set forth below. They were also unable to agree on a few instructions that the government will propose separately. Accordingly, the parties respectfully submit those proposed instructions to the Court for its review and consideration.

RESPECTFULLY SUBMITTED this 14th day of April, 2017.

*/s/ Ruben L. Iñiguez*
Ruben L. Iñiguez
Advisory Counsel for *Pro Se* Defendant

[1] The government will soon be filing the revised jury instructions incorporating those changes agreed upon by the parties.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 14, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record for the plaintiff.

*/s/ Neysa Bogar*
Neysa Bogar
Legal Assistant

| Defendant's Proposed Instruction | Ninth Circuit Model Jury Instruction | Page Number |
|---|---|---|
| Statute Defining Offenses Charged: Fictitious Financial Instrument | 3.16 | 4 |
| Related Definitions: Fictitious Financial Instrument | ----- | 7 |
| Good Faith -- Defined | ----- | 9 |
| Statute Defining Offenses Charged: Willful Failure to File Tax Return | 9.38 | 10 |
| Willfully – Defined | 9.42 | 11 |
| Void -- Defined | ----- | 12 |

**DEFENDANT'S REQUESTED INSTRUCTION NO. 1**

**STATUTE DEFINING OFFENSES CHARGED**
**FICTITIOUS FINANCIAL INSTRUMENT**
**[18 U.S.C. § 514(a)(1)-(3)]**

The defendant is charged in Counts 1 through 13 of the Superseding Indictment with violating Section 514(a) of Title 18 of the United States Code. That subsection reads as follows:

Whoever, with the intent to defraud–

(1) draws, prints, processes, produces, publishes, or otherwise makes, or attempts or causes the same, within the United States;

(2) passes, utters, presents, offers, brokers, issues, sells, or attempts or causes the same, or with like intent possesses, within the United States; or

(3) utilizes interstate or foreign commerce, including the use of the mails or wire, radio, or other electronic communication, to transmit, transport, ship, move, transfer, or attempts or causes the same, to, from, or through the United States,

any false or fictitious instrument, document, or other item appearing, representing, purporting, or contriving through scheme or artifice, to be an actual security or other financial instrument issued under the authority of the United States, a foreign government, a State or other political subdivision of the United States, or an organization, shall be guilty of violating this statute.

Counts 1 through 13 allege three different but related violations of Section 514. Counts 1 through 7 allege that the defendant produced or made a fictitious financial instrument, in violation of Section 514(a)(1). Counts 8 through 10 allege that the defendant passed or presented a fictitious financial instrument, in violation of Section 514(a)(2). Counts 11 through 12 allege that the defendant mailed or shipped a fictitious financial instrument, in violation of Section 514(a)(3).

In order for the defendant to be found guilty of any charge under this statute, the government must prove each of the following elements beyond a reasonable doubt for the particular count:

First: with respect to Counts 1 through 7, that the defendant produced or made a false or fictitious instrument, document, or other item; with respect to Counts 8 through 10, that the defendant passed or presented such an item; and with respect to Counts 11 through 13, that the defendant utilized interstate commerce to mail or ship such an item through the United States;

Second: with respect to all counts under this statute, that the item appeared, represented, purported, or contrived through scheme or artifice, to be an actual security or other financial instrument issued under the authority of the United States, or an organization; and

Third: with respect to all counts under this statute, that the defendant acted with the intent to defraud.

Related definitions are set forth hereafter in these instructions.

**Authority/Source:** 3.16 Pattern Jury Instructions, Criminal Cases, Ninth Circuit (2011); 18 U.S.C. § 514.

## DEFENDANT'S REQUESTED INSTRUCTION NO. 2

## RELATED DEFINITIONS
## FICTITIOUS FINANCIAL INSTRUMENT
## [18 U.S.C. § 514(a)(1)-(3)]

A "false or fictitious instrument" is a bogus document contrived to appear to be a financial instrument, where there is in fact no such genuine instrument, and where the fact of the genuine instrument's nonexistence is presumably unknown by, and not revealed to, the intended recipient of the document.

A fictitious obligation is one that appears to be "actual" in the sense that it bears a family resemblance to genuine financial instruments. The document must include enough of the various hallmarks and indicia of financial obligations so as to appear to be within the class of actual financial instruments. Such features or attributes include, but are not limited to, such things as official seals; serial numbers; portraits of government buildings, officials, or statespersons; symbols or mottos of the issuing nation or entity; official signatures; dates of issue; and statements to the effect that the document shall serve as legal tender or be redeemable for something of value.

Each specific instrument must purport to be issued under the authority of the United States, or an organization, which means the item must claim, represent, or purport to have a power or entitlement that is grounded in the authority of the United States government, or the organization.

To act with "intent to defraud" means to act with intent to cheat or deceive. The implausibility of mock instruments may count as circumstantial evidence that the requisite intent to defraud was not present.

"Interstate commerce" means business or commerce across state lines.

**Authority/Source:** *United States v. Murphy*, 824 F.3d 1197, 1201 (2016); *United States v. Salman*, 531 F.3d 1007 (9th Cir. 2008); *United States v. Howick*, 263 F.3d 1056, 1066-69 (9th Cir. 2001); *United States v. Turner*, 985 F.Supp.2d 1311, 1317 (M.D. Ala. 2013); 18 U.S.C. § 514.

**DEFENDANT'S REQUESTED INSTRUCTION NO. 3**

**GOOD FAITH – DEFINED**

The good faith of a defendant is a complete defense to a charge of violating Section 514(a) of Title 18 of the United States Code because good faith on the part of the defendant is, simply, inconsistent with the intent to defraud.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or a misunderstanding does not rise to the level of intent to defraud.

While the term "good faith" has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

If the evidence in the case leaves you with a reasonable doubt as to whether the defendant acted with an intent to defraud, you must acquit the defendant.

**Authority/Source:** *United States v. Stevens*, 3:11-CR-00031-SI (ECF 124 at 7) (Simon, J., February 3, 2012); *United States v. Molinaro*, 11 F.3d 853, 863 (9th Cir. 1993).

**DEFENDANT'S REQUESTED INSTRUCTION NO. 4**

**STATUTE DEFINING OFFENSES CHARGED**
**WILLFUL FAILURE TO FILE TAX RETURN**
**[26 U.S.C. § 7203]**

The defendant is charged in Counts 14 through 19 of the Superseding Indictment with willful failure to file a tax return, in violation of Section 7203 of Title 26 of the United States Code. In order for the defendant to be found guilty of any charge under this statute, the government must prove each of the following elements beyond a reasonable doubt for the particular count:

First, that the defendant was required by law to file a tax return for the calendar year alleged in each count;

Second, that the defendant failed to file a tax return by the required due date alleged in each count as required by law; and

Third, that in failing to file each tax return, the defendant acted willfully.

The term "willfully" is defined hereafter in these instructions.

**Authority/Source:** 9.38 Pattern Jury Instructions, Criminal Cases, Ninth Circuit (2011) (modified for multicount indictment); *United States v. Meredith*, 685 F.3d 814, 825-826 (9th Cir. 2012)

**DEFENDANT'S REQUESTED INSTRUCTION NO. 5**

**WILLFULLY – DEFINED**

In order to prove that the defendant acted "willfully," the government must prove beyond a reasonable doubt that the federal tax law imposed a duty on the defendant, the defendant knew of this duty, and the defendant voluntarily and intentionally violated that duty.

A defendant who acts on a good faith misunderstanding as to the requirements of the law does not act willfully even if his understanding of the law is wrong or unreasonable. Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it. Thus, in order to prove that the defendant acted willfully, the government must prove beyond a reasonable doubt that the defendant did not have a good faith belief that he was complying with the law.

**Authority/Source:** 9.42 Pattern Jury Instructions, Criminal Cases, Ninth Circuit (2011); *Cheek v. United States*, 498 U.S. 192, 201 (1991)

**DEFENDANT'S REQUESTED INSTRUCTION NO. 6**

**VOID – DEFINED**

"Void" means "[n]ull; ineffectual; nugatory; having no legal force or binding effect; unable, in law, to support the purpose for which it was intended."

**Authority/Source:** Black's Law Dictionary 1411 (5th ed. 1979); *In re Blendheim*, 803 F.3d 477, 489 (9th Cir. 2015); *Dascola v. City of Ann Arbor*, 22 F.Supp.3d 736, 744-45 (E.D. Mich. 2014)