**Ruben L. Iñiguez**
**Assistant Federal Defender**
**101 SW Main Street, Suite 1700**
**Portland, OR  97204**
**Tel:     (503) 326-2123**
**Fax:     (503) 326-5524**
**Email: ruben_iniguez@fd.org**
**Attorney for Defendant**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:15-cr-00438-JO |
| **Plaintiff,** | **MOTION FOR HEARING TO DETERMINE MENTAL COMPETENCY** |
| v. | |
| **WINSTON SHROUT,** | |
| **Defendant.** | |

Pursuant to Title 18, United States Code, Section 4241(a), the defendant, Winston Shrout, through his attorney, Ruben L. Iñiguez, moves this Court to conduct a hearing to determine his mental competency as there is reasonable cause to believe he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to comprehend the nature and consequences of the proceedings against him or to aid and assist properly in his defense.

This motion is supported by the Declaration of Counsel, including the attached exhibit, filed separately and under seal by Order of the Court.

**Page 1 – MOTION FOR HEARING TO DETERMINE MENTAL COMPETENCY**

## MOTION

Title 18, United States Code, section 4241 grants this Court the authority to determine the mental competency of a defendant. In relevant part, it states:

> **(a) Motion to determine competency of defendant.** – At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant .., the defendant … may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion .., if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.
>
> **(b) Psychiatric or psychological examination and report.** – Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c).
>
> **(c) Hearing.** – The hearing shall be conducted pursuant to the provisions of section 4247(d).

Mr. Shrout requests that the Court conduct a hearing to determine his mental competency pursuant to the provisions of 18 U.S.C. §§ 4241(a) and 4247(d). His request is supported by the accompanying Declaration of Counsel, including the exhibit attached thereto and filed separately and under seal.

Assuming the Court agrees there is reasonable cause to question Mr. Shrout's mental competency, it has discretion to order a further psychological examination prior to the hearing. *See* 18 U.S.C. § 4241(b) ("the court may order that a psychiatric or

**Page 2 – MOTION FOR HEARING TO DETERMINE MENTAL COMPETENCY**

psychological examination of the defendant be conducted"). Such an examination must be conducted pursuant to the provisions of section 4247(b). *See* 18 U.S.C. § 4241(c).

Section 4247(b) states, in relevant part: "For the purposes of an examination pursuant to an order under section 4241 .., the court *may* commit the person to be examined for a reasonable period, but not to exceed thirty days…." (Emphasis added). While the statute uses the permissive word "may" to describe a court's ability to commit a person for an inpatient competency evaluation, "the statute does not grant a district court unfettered discretion to order such a commitment." *United States v. Neal*, 679 F.3d 737, 740 (8th Cir. 2012) (vacating commitment order and remanding for further proceedings); *United States v. Song*, 530 Fed. Appx. 255, 259 (4th Cir. 2013) (same). Rather, "the district court's discretion is subject to due process requirements." *Id*. (citing *United States v. Deters*, 143 F.3d 577, 582-84 (10th Cir. 1998), and *In re Newchurch*, 807 F.2d 404, 409 (5th Cir. 1986)).[1]

As in *Neal*, there is no evidence that Mr. Shrout poses a flight risk, danger to the community, or has failed to comply with the conditions of his release. *See* 679 F.3d at 739. In fact, during the past 27 months that he has been on release, Mr. Shrout has complied fully with all conditions and committed no violation. He should not, therefore, "lose [his]

---

[1] "The institutionalization of an adult by the government triggers heightened, substantive due process scrutiny. There must be a 'sufficiently compelling' governmental interest to justify such action…." *Reno v. Flores*, 507 U.S. 292, 316 (1993) (O'Connor, J., concurring) (quoting *United States v. Salerno*, 481 U.S. 739, 748 (1987)).

**Page 3 – MOTION FOR HEARING TO DETERMINE MENTAL COMPETENCY**

freedom simply by raising the issue[] of competency…." *United States v. Krauth*, 2010 WL 428969, *5 (N.D. Iowa 2010). *See United States v. Gomez-Borges*, 91 F.Supp.2d 477, 478 (D. P.R. 2000) (describing the issue presented as "whether or not defendant [] is to lose his condition of release because he is to be mentally examined by the United States"). Accordingly, if ordered, any additional psychological examination should be performed locally, on an outpatient basis. *See Newchurch*, 807 F.2d at 410 (commitment unnecessary where the court believes the examination can be conducted on an outpatient basis). *See also United States v. Mock*, 2014 WL 1491198 (M.D. Ala. 2014) (ordering evaluation "on a non-custodial, outpatient basis"); *United States v. Bussell*, 2011 WL 2037013 (E.D. Tenn. 2011) (outpatient examination); *United States v. Weed*, 184 F.Supp.2d 1166 (N.D. Okla. 2002) (same); *Gomez-Borges*, 91 F.Supp.2d at 477 (same).[2]

## CONCLUSION

For each of the foregoing reasons, as well as those set forth in the Declaration of Counsel, including the exhibit filed under seal, Mr. Shrout respectfully requests that the Court conduct a hearing to determine his mental competency.

RESPECTFULLY submitted this 16th day of April, 2018.

/s/ Ruben L. Iñiguez
Ruben L. Iñiguez
Attorney for Defendant

---

[2] In *Weed*, the district court ordered an outpatient examination and directed the parties to "submit a list of at least two examiners, including their qualifications," so it could "review the list and designate an examiner pursuant to § 4247(b)." 184 F.Supp.2d at 1172.

**Page 4 – MOTION FOR HEARING TO DETERMINE MENTAL COMPETENCY**