**Ruben L. Iñiguez**
**Assistant Federal Public Defender**
**101 S.W. Main Street, Suite 1700**
**Portland, Oregon  97204**
**(503) 326-2123 Telephone**
**(503) 326-5524 Facsimile**
**ruben_iniguez@fd.org**
**Attorney for Defendant**

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                                **Plaintiff,**<br><br>             v.<br><br>**WINSTON SHROUT,**<br><br>                                **Defendant.** | Case No. 3:15-cr-00438-JO-1<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

The defendant, Winston Shrout, through his attorney, Ruben L. Iñiguez, submits this Memorandum for the Court's review and consideration in determining a reasonable sentence that is "sufficient, but not greater than necessary," as required by 18 U.S.C. §3553(a).  A sentencing hearing is currently scheduled for Monday, October 22, 2018, at 10:00 a.m.

On April 21, 2017, after trial, Ms. Shrout was convicted of six misdemeanor counts of willful failure to file tax returns (Counts 14-19) and 13 felony counts of producing, presenting, and shipping fictitious financial instruments (Counts 1-13).  CR 109.  He has since reviewed the final Presentence Investigation Report and Addendum ("PSR").  He agrees with many, but not all, aspects of the PSR.  He agrees he has no prior criminal history (PSR at ¶¶45-50), he agrees with the Criminal History Computation (PSR at ¶47), and he agrees with the description of his Personal

**PAGE 1 – DEFENDANT'S SENTENCING MEMORANDUM**

History and Characteristics (PSR at ¶¶51-67).  Nor does he dispute the account of the Offense Conduct (PSR at ¶¶8-26).  He objects, however, to the Offense Level Computations (PSR at ¶¶33-43) and the premature calculation of restitution (PSR at 81).

There is no plea agreement in this case.  Accordingly, Mr. Shrout may recommend any reasonable sentence.  He asks the Court to grant a downward departure on the basis of diminished capacity.  He also urges the Court to grant a further variance after considering all statutory sentencing factors under §3553(a), including, but not limited to, his personal history and characteristics, the mitigating circumstances of the offenses, the need for the sentence imposed to provide him with suitable treatment in the community, the need for the sentence imposed to reflect the seriousness of the offenses, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public, and the need for restitution.

Mr. Shrout respectfully recommends that the Court impose the following sentence: one day imprisonment, followed by a maximum, five-year term of supervised release that includes special conditions such as 12 months of home detention, 160 hours of community service, and restitution (in an amount to be determined); no fine; and a $1,450 special fee assessment.

RESPECTFULLY submitted this 17th day of October, 2018.

>                    */s/ Ruben L. Iñiguez*
>                    Ruben L. Iñiguez
>                    Assistant Federal Public Defender