BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**STUART A. WEXLER**
Trial Attorney, Tax Division
Stuart.A.Wexler@usdoj.gov
**LEE F. LANGSTON**
Trial Attorney, Tax Division
Lee.F.Langston@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:15-cr-00438-JO |
| v. | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DELAY** |
| **WINSTON SHROUT,** | **SELF-SURRENDER DATE [ECF 165]** |
| **Defendant.** | |

The United States of America, by and through Billy J. Williams, United States Attorney for the District of Oregon, and Stuart A. Wexler and Lee F. Langston, Trial Attorneys, Tax Division, hereby submits this Response to the Defendant's motion to extend self-surrender date

**Government's Response to Defendant's Motion for Hearing to**      Page 1
**Determine Mental Competency**

and set briefing schedule on motion for release pending appeal (Doc. 165) and respectfully asks the Court to deny the motion.[1]

I.     BACKGROUND

As this Court is well aware, the defendant, Winston Shrout, was convicted on April 21, 2017, more than eighteen months ago, of all nineteen counts charged in the superseding indictment. This matter has been pending for almost three years since the defendant's indictment on December 8, 2015. The criminal conduct described in the indictment and superseding indictment dates back more than ten years. The defendant has now filed five motions to continue since the date of conviction alone. Throughout all of that time, the defendant has remained at liberty and continued to delay the imposition of conviction, sentencing, and punishment.

The defendant was finally sentenced in this matter on October 22, 2018 to ten years of imprisonment. At that hearing, defense counsel asked to have the self-surrender date set at some time after January 21, 2019. Tr. 10/22/18 at p. 60. That request was flatly rejected by the Court and a surrender date of November 26, 2018, was set by the Court and by the Bureau of Prisons. The defendant now comes before this Court and asks that that date be delayed until at least January 19, 2019, to provide defense counsel additional time to prepare a motion for bail pending appeal. The defendant's motion is thus, in essence, a motion for bail pending a motion for bail pending appeal.

---

[1] The motion states that Counsel has not been able to determine the government's position with respect to the motion. Counsel's determination of the government's position was likely made more difficult by the fact that counsel never asked for our position.

**Government's Response to Defendant's Motion for Hearing                              Page 2**
 **to Determine Mental Competency**

The defendant has already asked this Court to delay surrender into late January of next year. The Court denied that request. The defendant now renews the request absent any legal justification. For the reasons explained in greater detail below, it should be denied.

## II.    ARGUMENT

The burden is on the defendant to demonstrate eligibility for bail pending appeal. *United States v. Handy*, 761 F.3d 1279, 1283 (9th Cir. 1985). Under 18 U.S.C. § 3143(b), a convicted defendant sentenced to a term of imprisonment shall be detained pending appeal unless the court finds:

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person in the community, if released;
>
> (2) that the appeal is not for purpose of delay;
>
> (3) that the appeal raises a substantial question of law or fact; and
>
> (4) that if the substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal, an order for new trial, or a term of imprisonment shorter than the likely length of the appeal.

*Handy*, 761 F.3d at 1281. A "substantial question" is one that is "fairly debatable." *Id.*

In the instant motion, the defendant has identified no question at all. Indeed, it identifies no appellate issue, substantial or otherwise, that the defendant intends to raise on appeal. Further, the motion provides no explanation for why preparation for the appeal could not have been largely completed in the eighteen months since conviction. There is no showing that the

motion is not being filed solely for the purpose of delay. Finally, it lacks any justification for why this defendant should continue to escape the consequences for his actions.

Counsel has known that the defendant was convicted at trial and facing sentencing since April 22, 2017. He has known that probation recommended a fifteen year sentence since January of this year. Accordingly, it was well within counsel's capability to begin preparing the appeal for all issues not directly related to sentencing in the months since the defendant was convicted. Counsel's attempt to file this motion at this late hour is simply another attempt to delay accountability for the defendant's criminal conduct.

It is quite clear that this is a case where justice delayed is indeed justice denied. As the government described in detail in its sentencing memorandum, general deterrence is a crucial factor for the Court to consider in all tax cases but particularly with respect to this defendant. The defendant spent over a decade selling hundreds of people on a scam – that if they said the magic words or filled out one of his forms, they could avoid paying taxes and the government and banks would give them millions of dollars. He continued to espouse these beliefs after he was indicted and told his followers that getting indicted was all part of his plan. After conviction he continued to advertise his for-profit seminars until specifically ordered by the Court to stop. Even after that order, the defendant told his followers that he would be back once the government changed. Allowing the defendant to continue to remain at liberty will send the wrong message to his followers that the defendant's conduct is legal or that he has found some loophole that allows him to remain above the law. Doing so will substantially undermine the deterrent effect that this Court's sentence was designed to achieve.

### III.   CONCLUSION

Based on the foregoing, the government respectfully requests that the Court deny the defendant's motion to delay the self-surrender date.

Dated: November 16, 2018

                                                      Respectfully submitted,

                                                     BILLY J. WILLIAMS
                                                     United States Attorney

                                                     *s/Lee F. Langston*
                                                     LEE F. LANGSTON
                                                     STUART A. WEXLER
                                                     Trial Attorneys, Tax Division
                                                     202-353-0036

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 16, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record for the defendant.

                         /s/ *Lee F. Langston*
                         LEE F. LANGSTON
                         Trial Attorney, Tax Division