BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**STUART A. WEXLER**
Trial Attorney, Tax Division
Stuart.A.Wexler@usdoj.gov
**LEE F. LANGSTON**
Trial Attorney, Tax Division
Lee.F.Langston@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:15-cr-00438-JO |
| v. | **GOVERNMENT'S RESPONSE TO DEFENDANT'S SECOND MOTION TO** |
| **WINSTON SHROUT,** | **DELAY SELF-SURRENDER DATE** |
| | **[ECF 176]** |
| **Defendant.** | |

The United States of America, by and through Billy J. Williams, United States Attorney

for the District of Oregon, and Stuart A. Wexler and Lee F. Langston, Trial Attorneys, Tax

Division, hereby submits this Response to the Defendant's emergency request to delay self-

**Government's Response to Defendant's Second Motion to**             **Page 1**
**Extend Self-Surrender Date**

surrender (Doc. 176) and respectfully asks the Court to deny the motion to delay self-surrender and order the defendant to surrender as scheduled.

This is the defendant's third request to delay his self-surrender date. At sentencing, on October 22, 2018, the defendant asked to set a self-surrender date to some date after January 21, 2019. That request was rejected by the Court. Next, on November 15, 2018, the defendant filed a motion to extend the self-surrender date to give counsel additional time to prepare a motion for bail pending appeal.[1] That motion was denied on November 19, 2018. In the instant motion, the defendant waited until the day of scheduled surrender, less than five hours before the deadline, to file the motion seeking to once again delay surrender for an indefinite period of time.

The instant motion claims that a delay is necessary because the Bureau of Prisons has not yet designated a specific facility for the defendant. The motion states that the defendant was informed on November 19, 2018, to surrender himself to the US Marshals Service today. The motion provides no explanation for why the defendant chose to wait a week between receiving that email and the filing of this motion.

This case has been pending since December 8, 2015. The defendant was convicted by the jury over eighteen months ago. This is the defendant's sixth motion to continue since the date of conviction alone. The government submits that this motion is another step in the repeated and unjustified pattern of delay sought by the defense and it should be denied.

Prisoners have no right to be assigned to a particular prison facility after conviction. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Olim v. Wakinekona*, 461 U.S. 238, 244

---

[1] Defense counsel further informed government counsel that if the motion to extend time to file was denied that he would file the motion for bail pending appeal prior to the surrender date.

(1983)(holding that a state prisoner in Hawaii had no right to challenge assignment to a prison on the mainland); *Meachum v. Fano*, 427 U.S. 215, 225 (1976)(holding that an inmate has no constitutional right to be housed in any particular institution or unit within an institution). Indeed, following sentencing, the Bureau of Prisons has the sole responsibility in determining where an offender will be designated. *See United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011); 18 U.S.C. § 3621 ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment."). As a result, a "district court's recommendation to the Bureau of Prisons is just that–a recommendation." *Ceballos*, 671 F.3d at 856.

Accordingly, the defendant has no constitutional basis to challenge the assignment to a local facility. The Court made a recommendation that he be assigned to a particular facility but that is simply a recommendation. The Court has twice already confirmed the defendant's surrender date. Despite being told that he would have to surrender to the US Marshals a week ago, the defendant waited until today to file a motion challenging that assignment. The inescapable conclusion is that this motion, like the six prior motions preceding it, is simply another attempt to put off the defendant facing the consequences for his criminal conduct. Accordingly, it should be denied.

Dated: November 26, 2018　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　BILLY J. WILLIAMS
　　　　　　　　　　　　　　　　　　　　　United States Attorney


　　　　　　　　　　　　　　　　　　　　　 *s/Lee F. Langston*
　　　　　　　　　　　　　　　　　　　　　LEE F. LANGSTON
　　　　　　　　　　　　　　　　　　　　　STUART A. WEXLER
　　　　　　　　　　　　　　　　　　　　　Trial Attorneys, Tax Division
　　　　　　　　　　　　　　　　　　　　　202-353-0036

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 26, 2018, I caused the foregoing to be filed under seal with the Clerk of the Court. I further certify that a copy and notification of such filing will be provided to counsel for the defendant by e-mail immediately upon filing.

/s/ *Lee F. Langston*
LEE F. LANGSTON
Trial Attorney, Tax Division