IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | 3:15-cr-00438-JO |
| ) | |
| v.    ) | ORDER |
| ) | |
| WINSTON SHROUT,    ) | |
| ) | |
| Defendant.    ) | |

This matter is before the court on a remand from the Ninth Circuit [#184] so that I can more fully explain the reasons for my denial [#181] of Shrout's Motion to Continue Release Pending Appeal [#179]. Under the Bail Reform Act of 1984, 18 U.S.C. § 3143(b), a defendant is to be incarcerated pending appeal unless the court makes four findings:

> "(1) that the defendant is not likely to flee or pose a danger to the safety of any person in the community if released; (2) that the appeal is not for the purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed."

*United States v. Wheeler*, 795 F.2d 839, 840 (9th Cir. 1986).

First, I find that Shrout could pose a danger to the safety of others in the community if he remains on release. Shrout spent over a decade selling scams to hundred, if not thousands, of gullible people. He told them if they followed his advice, they could avoid paying taxes and that the government and banks would give them millions of dollars. Even after he was convicted in this case, he continued to advertise his for-profit seminars until I explicitly forbade him to continue. Even then, he told his

1 Order

followers that he would be back once the government changed. If he remains on release, he may well continue his illicit efforts.

Second, I find that delay is one of the purposes for Shrout's appeal. Following his conviction on April 21, 2017, Shrout requested a competency hearing which delayed sentencing. In addition, he filed three motions to set over his sentencing dates and I granted each of those. At his sentencing on October 22, 2018, Shrout requested a delay in the date he was to report to prison. Thereafter, he filed four additional motions to delay reporting to prison. Shrout was convicted more than 21 months ago. I agree with the government's sentiment that where justice is delayed, justice is denied. General deterrence is a crucial factor in tax cases where our system is based on voluntary compliance of the citizens.

Third, I find the appeal does not raise a substantial question of law or fact. The multiple efforts by the government to bring Shrout to justice were neither vindictive nor based on bad motives. Shrout had been plying his trade for over 10 years, had an international following, produced several books and DVDs to promote this tax dodging scheme. The investigation of the case was complex. And, during the course of its investigation, the government discovered additional information that warranted the filing of a superseding indictment. As to Shrout's 6th Amendment claim, I held a *Faretta* hearing and found Shrout's decision to forgo counsel valid. He knowingly and intelligently waived his 6th Amendment right to counsel in order to conduct his own defense. He fully understood the nature of the charges against him, knew the possible penalties he was facing and, most importantly, was aware of the dangers and disadvantages of self-representation. When I said Shrout was not competent, I meant that he did not have a thorough knowledge of the legal system, the rules of evidence and criminal procedure – all the knowledge and experience his stand-by lawyer possessed and was willing to employ to defend Shrout.

Because Shrout is not able to satisfy the first three conditions required in *Wheeler*, I do not address the fourth. This was not a close case—there was overwhelming evidence of Shrout's guilt. Even

if he were to prevail on an issue on appeal, it is unlikely to result in reversal or an order for a new trial of <u>all</u> counts on which imprisonment has been imposed.

For the foregoing reasons, I deny Shrout's Motion to Continue Release Pending Appeal.

It is so ordered.

Dated this 30th day of January, 2019.

_____
Robert E. Jones, United States District Court

3  Order